Motion to dismiss appeal denied May 1, 1957, stipulation to dismiss
November 20, dismissed November 21, 1958

## MURPHY ET AL *v.* ROYCE

310 P. 2d 623

James M. Burns and Black, Kendall & Tremaine, Portland, for the motion.

Lincoln S. Ferris and John R. Latourette, Sr., Portland, contra.

PER CURIAM.

The case is before the court on respondents' motion to dismiss the appeal.

The decree appealed from found that the parties were members of a joint adventure for the purpose of purchasing, leasing, operating, etc., certain specifically described real and personal property in the city of Portland, and ordered that the joint adventure be dissolved. It found that the property stood in the name of the appellant, but that he owned only a one-third interest in it as a member of the joint adventure. It appointed a receiver to take charge of the property and operate it, and ordered the appellant to transfer possession of the property to the receiver and to execute appropriate instruments of transfer and conveyance, the decree to stand in lieu thereof if such instruments should not be executed within five days from the date of the decree. It further ordered that the property be sold by the receiver within one year, or within such further time as the court should allow; that the appellant account for the rents and profits of the said property received by him; and that, after such accounting had been approved and the property sold, the net proceeds of the sale should be divided among the members of the joint adventure in accordance with their respective interests, to wit, one-third to each.

The ground of the motion to dismiss is that the decree is not a final order because the accounting ordered still remains to be taken. The respondents rely on *McEwen v. McEwen*, 203 Or 460, 280 P2d 402. But it is evident from the pleadings that the principal object of the suit was to secure a judicial determination that the properties in question were the properties of the joint adventure, and, further, to secure a decree dissolving the joint adventure. These objects are accomplished by the decree from which the appeal is taken. The accounting is incidental. Therefore, in our opinion the motion is governed not by the McEwen case,

but by our decision rendered April 17, 1957, and not yet reported, in *Hall v. Bone,* 210 Or 98, 307 P2d 292, 309 P2d 997, 998, in which we held that, where the principal issue between the litigants relates to the ownership of property, a decree determining such ownership is final and appealable notwithstanding that an accounting has also been ordered.

The motion to dismiss is denied.