Argued and submitted November 9, appeal dismissed as moot; affirmed on cross-appeal December 13, 1989

In the Matter of the
Guardian/Conservatorship of
Hide Naito, an Incapacitated Person.

NAITO,
*Appellant - Cross-Respondent,*

*v.*

NAITO et al,
*Respondents - Cross-Appellants,*

*and*

SCHWAB,
*Respondent.*

(8705-91003; CA A49882)

783 P2d 1012

Hollis McMilan, Portland, argued the cause for appellant - cross-respondent. With him on the briefs were G. Kenneth Shiroishi, Marsha Murray-Lusby and Dunn, Carney, Allen, Higgins & Tongue, Portland, and David B. Markowitz, Lisa A. Kaner and Markowitz, Herbold, Stafford & Glade, P.C., Portland.

Colleen O'Shea Clarke, Portland, argued the cause for respondent and respondents - cross-appellants. With her on the briefs was Weiss, DesCamp & Botteri, Portland.

Richardson, Presiding Judge, and Rossman and Edmonds, Judges.

ROSSMAN, J.

## ROSSMAN, J.

In 1987, Midori Naito (wife) was appointed conservator of the estate of Hide Naito, her husband. Hide's sons from a prior marriage, Samuel and William Naito (sons), opposed wife's appointment and, in January, 1988, filed a petition seeking her removal. They alleged that she had engaged in acts of self dealing whereby she had removed substantial assets from the estate. They also requested attorney fees payable from the estate.

The trial court granted sons' petition, removed wife and appointed Samuel and respondent Schwab to serve as co-conservators. The court, however, denied them attorney fees. In reaching his decision to remove wife, the trial judge made no findings of improper conduct, but removed her "because I find that the arrangement I have ordered is more preferable." Wife appeals, contending that preference for another person is not a sufficient cause for her removal. Sons cross-appeal the denial of attorney fees and have moved to dismiss wife's appeal as moot after the death of Hide on August 9, 1989.

We must address two preliminary issues. The first is whether the order removing wife as conservator is final for the purposes of appeal. The order provides, in pertinent part:

"6. The removal of Midori Naito as conservator of the estate of Hide Naito is effective the date of this order;

"7. That within 30 days of the date of this order, Midori Naito shall render her final account, which shall cover the entire duration of her having been conservator of the estate of Hide Naito."

Citing *McEwen v. McEwen,* 203 Or 460, 280 P2d 402 (1955), sons argue that the order is not final, because it requires wife to account. According to sons, the order cannot be appealed until her accounting is made and is settled by the court. However, sons' reliance on *McEwen* is misplaced. As the Court explained in *Hall v. Pierce, Bone,* 210 Or 98, 151, 307 P2d 292, 309 P2d 997 (1957), the accounting sought in *McEwen* was the main objective of the lawsuit. "If the decree fixes the rights and liabilities of the parties upon [sic] the subject of the controversy and refers the matter for accounting purposes only, the decree is deemed final for the purposes of appeal." *Hall,* 210 Or at 154.

Here, sons' main objective was the removal of wife as conservator. The court ordered her removal and, incidentally ordered an accounting. Because the order resolved the removal issue between sons and wife, it is final for appeal. *See also Murphy v. Royce,* 214 Or 626, 628, 310 P2d 623 (1957); *Woodley v. Allstead,* 49 Or App 875, 883 n 5, 621 P2d 612 (1980).

■　　The second preliminary issue is whether Hide's death renders wife's appeal moot. After the death of a protected person, ORS 126.337 requires the conservator to retain the estate of the deceased only for delivery to a personal representative. On August 15, 1989, the court, pursuant to Hide's will, appointed Samuel as personal representative. Because the conservatorship was terminated, wife has no legal basis for continuing her appeal.

Wife argues that we should nevertheless retain jurisdiction, because her appeal presents an issue "capable of repetition, yet evading review." *Roe v. Wade,* 410 US 113, 125, 93 S Ct 705, 35 L Ed 2d 147 (1973), *cited with approval in OSAA v. Stout,* 71 Or App 405, 407 n 1, 692 P2d 633 (1984). Although an appellate court may reject a mootness challenge when a party is seeking protection against future repetitions of a challenged governmental act, *Kay v. David Douglas Sch. Dist. No. 40,* 303 Or 574, 577, 738 P2d 1389 (1987), *cert den* 484 US 1032 (1988), wife seeks no such relief in this case. Her challenge concerns only the validity of her removal. Accordingly, we dismiss her appeal as moot.

**3.**　　The only issue remaining in this case is whether the trial court erred when it denied sons' request for attorney fees. They alleged that wife engaged in acts of self dealing. The acts essentially involve wife's transfer of two parcels of real estate from Hide's sole ownership to joint ownership with her and her use of jointly-held assets to establish an investment account and a certificate of deposit in her sole name. Sons argue that those assets were subsequently returned to the estate because of their efforts and, therefore, they are entitled to an award of attorney fees. They rely on *Jones v. Kuhn,* 59 Or App 135, 140, 650 P2d 999 (1982), where we held that attorney fees "may be awarded to a party who, at his own expense and not for his sole benefit, successfully brings suit to benefit an estate or trust as a whole."

The alleged acts of self-dealing all occurred before wife's appointment as conservator. There is no evidence that the assets would not have been returned to the estate but for sons' actions. To the contrary, the evidence is that, after her appointment, wife and her counsel gathered and inventoried the assets of the estate and that wife voluntarily returned the transferred property. Accordingly, the trial court properly denied sons' request for attorney fees.

Appeal dismissed as moot; affirmed on cross-appeal.