Argued and submitted October 16, appeal dismissed November 29, 1995

In the Matter of the Application of
Carol Alongi for Writ of Habeas Corpus.

Carol ALONGI,
*Appellant,*

*v.*

James and Joyce YOUNG,
*Respondents.*

(16-92-01441; CA A75632 (Control))

In re the Guardianship of Aleta Alongi,
a Minor Protected Person.

James R. YOUNG
and Joyce Young,
*Respondents,*

*v.*

Carol ALONGI,
*Appellant.*

(51-92-00624; CA A75684)

907 P2d 250

Michael Schumann argued the cause for appellant. With him on the brief were Zan Tewksbury and Steenson & Schumann, P.C.

John A. Hudson argued the cause and filed the brief for respondents.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

In 1992, the trial court granted respondents' *ex parte* motion for appointment of a temporary guardian of appellant's (mother's) daughter, then 15-1/2 years old. The court dismissed mother's contemporaneous petition for a writ of habeas corpus. After a hearing, the trial court found mother unfit, appointed defendants to be guardians of the daughter and ordered mother to pay child support to defendants. Mother appealed, assigning error to the appointment of defendants as temporary guardians, the dismissal of her petition for a writ of habeas corpus, the trial court's decision that mother was unfit and the failure of the court to send the entire matter to juvenile court. After extensive preargument motions, the matter was argued October 16, 1995. We now dismiss the appeal as moot.

Under ORS 126.060(1), a person becomes a guardian of a "minor" upon appointment by the court. A "minor" is "any unmarried person who is younger than 18 years of age." ORS 126.003(7). Once an appointment has been made, it "continues until terminated." ORS 126.060(1). A guardianship terminates

> "upon the death, resignation or removal of the guardian *or upon the minor's * * * attainment of majority."*

ORS 126.085(1). (Emphasis supplied.)

■ In this case, the daughter is now 19 years old. She is no longer a minor, and, under ORS 126.085(1), the guardianship that is the object of mother's legal challenge has been terminated by operation of law. Any order from this court declaring the invalidity of the guardianship would be academic. *See Smith v. Smith et al*, 209 Or 96, 98, 304 P2d 421 (1956); *Naito v. Naito*, 99 Or App 608, 611, 783 P2d 1012 (1989).

■ Mother argues that, although the guardianship has already ended, her appeal is not moot, because an order declaring the invalidity of the guardianship would have the indirect effect of invalidating the order requiring her to pay child support. We are not persuaded. First, mother does not assign error to the order requiring her to pay child support. Second, there is no evidence in the record before us that the child support has not been paid completely as ordered by the

court. There is, therefore, no affirmative evidence that an order from this court " 'will have a practical effect on or concerning the rights of the parties.' " *Barcik v. Kubiaczyk*, 321 Or 174, 182, 895 P2d 765 (1995), *citing Brumnett v. PSRB*, 315 Or 402, 406, 848 P2d 1194 (1993).

Appeal dismissed.