On respondent's Notice of Withdrawal of Order for Purposes of Reconsideration filed October 22; petitioner's Objection to Withdrawal under ORS 183.482(6) and Request for Attorney Fees filed October 26; and respondent's Response to Objection to Withdrawal and Request for Attorney Fees filed November 2, 2001, objection to withdrawing the agency's final order sustained
June 12, 2002

Angela GRITTER (MOTHERSHED),
*Petitioner,*

*v.*

ADULT & FAMILY SERVICES DIVISION,
a division of the Department of Human Resources,
*Respondent.*

2-0101-DE2393; A114316

48 P3d 195

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Richard D. Wasserman, Assistant Attorney General, for respondent.

A. J. Schmeits and Silven, Schmeits & Vaughan for petitioner.

Before Brewer, Presiding Judge, and Wollheim and Kistler, Judges.

KISTLER, J.

**KISTLER, J.**

After petitioner filed her opening brief in this court, respondent Adult and Family Services Division (AFSD) issued a notice stating that it was withdrawing its order pursuant to ORS 183.482(6) "to allow the parties to present additional evidence." Petitioner objected to AFSD's action. She reasoned that, if AFSD wanted to present additional evidence, it needed to seek leave of the court to do so pursuant to ORS 183.482(5). We agree and sustain petitioner's objection.

During their marriage, petitioner Angela Gritter and Gerald Mothershed had one child. After they separated, Gritter applied for and received benefits for their child from AFSD. In the spring of 1998, the Support Enforcement Division (SED) sought to recover some of those benefits from Mothershed. After a hearing, SED found that, because Mothershed (and not Gritter) had custody of the child during the time that Gritter had received benefits from the state, Mothershed did not owe any support payments.

After SED issued its decision, AFSD notified Gritter that it was terminating its child support payments to her. It also notified her that it intended to recover the child support payments that it had already made to her. After a hearing, AFSD issued a final order on February 6, 2001. In its final order, AFSD relied on SED's order to find that Gritter had not had custody of the child when AFSD provided assistance to her. It followed, AFSD found, that Gritter had received payments that she was not entitled to receive. Gritter asked AFSD to reconsider its order. Among other things, she argued that, because she had not received adequate notice of the SED hearing, AFSD could not base its order on SED's findings. AFSD denied Gritter's request for reconsideration.

Gritter petitioned for judicial review of AFSD's order and filed an opening brief. In her brief she argued, as she had below, that AFSD could not base its order on an SED hearing to which she had had no notice. Before oral argument, AFSD filed a notice pursuant to ORS 183.482(6) stating that it was withdrawing its order "to allow the parties to present additional evidence" on whether Gritter had received notice of the SED hearing. Gritter objected to AFSD's withdrawing its

order. She argued that, if AFSD wanted to supplement the evidentiary record, it could do so only if it first satisfied the criteria set out in ORS 183.482(5). It could not withdraw its order pursuant to ORS 183.482(6) to present additional evidence. After Gritter filed her objection and before we ruled on it, AFSD reopened the record and heard additional testimony. Based on the new testimony, it issued an order on reconsideration on February 6, 2002.

The parties' differing positions derive from two subsections of the same statute. AFSD relies on ORS 183.482(6), which provides that "[a]t any time subsequent to the filing of the petition for review and prior to the date set for hearing the agency may withdraw its order for purposes of reconsideration." Viewed in isolation, ORS 183.482(6) appears to permit an agency to withdraw its order and reconsider it for any reason. The only limitation stated in the statute is that the agency may withdraw its order only for the purpose of "reconsider[ing]" it.

Gritter relies on ORS 183.482(5), which sets out a procedure for supplementing the evidentiary record after a petition for judicial review has been filed. Subsection (5) provides, in part:

"If, on review of a contested case, before the date set for hearing, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good and substantial reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon such conditions as the court deems proper."

ORS 183.482(5). Viewed in isolation, subsection (5) requires anyone who seeks leave to present additional evidence after a petition for review has been filed to show that the evidence is material and that there was a good reason for not presenting it earlier.

The question presented by Gritter's objection is how those two subsections fit together. Gritter reasons that, when general and specific statutory sections conflict, the specific creates an exception to the general. It follows, she concludes,

that the specific limitations set out in subsection (5) on presenting additional evidence are an exception to the broad discretion that subsection (6) otherwise grants agencies. In response, AFSD argues that subsection (5) applies only to the parties before an agency, and not to the agency itself. It follows, AFSD reasons, that subsection (5) does not limit the broad grant of authority set out in subsection (6), and that it may withdraw its order for any reason.

■    If, as AFSD argues, subsection (5) applies only to the parties before an agency and not to the agency itself, Gritter's objection is easily answered. We accordingly begin with that issue. The first clause in subsection (5) provides: "If * * * application is made to the court for leave to present additional evidence." Nothing in that clause limits the application of subsection (5) to the parties before the agency. Rather, the legislature's use of the passive voice implies that the subsection applies to anyone who seeks leave to present additional evidence. AFSD argues, however, that the remainder of the sentence points in a different direction. It notes that anyone who applies to the court for leave to present additional evidence must establish "good and substantial reasons for failure to present it in the proceeding before the agency." AFSD then reasons:

> "The phrase 'proceeding before the agency' indicates that the statute is intended to apply only when the party to the 'proceeding before the agency' wishes to offer additional evidence. The agency is not a party to a proceeding in which it is the decisionmaker. *See* ORS 183.310(6) (defining 'party'). Thus, only the party—not the agency itself—is 'before the agency.' "

It follows, AFSD reasons, that subsection (5) applies only to parties and not to the agency.

AFSD reads too much into the phrase "good and substantial reasons for failure to present [evidence] in the proceeding before the agency." Even if the agency is not a party to the proceeding before it, as AFSD argues, the parties are not the only persons who present evidence in contested case proceedings. Agency representatives (often attorneys from the Department of Justice) also present evidence in those

proceedings,[1] and the evidence presented by both the parties and the agency's representative forms the record on which the agency makes its decision. Contrary to AFSD's argument, the reference in subsection (5) to the "failure to present [evidence] in the proceeding before the agency" does not suggest that that subsection is limited to parties who fail to present evidence when the case is before the agency. The phrase applies with equal force to the agency itself.[2]

■    We are accordingly left with two subsections, both of which apply to agencies after a petition for judicial review has been filed. Subsection (6) authorizes agencies to withdraw their orders "for purposes of reconsideration." Subsection (5) provides that, before agencies may withdraw their orders for the purpose of submitting additional evidence, they must show both that the new evidence is material and that "there were good and substantial reasons for [the] failure to present it" earlier. Although there is some tension between those two subsections, that tension can be resolved easily. ("[W]here there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all.") ORS 174.010.

Under subsection (6), an agency may withdraw its order only "for purposes of reconsideration." To reconsider means "to consider again," "to think over, discuss or debate, * * * especially with a view to changing or reversing." *Webster's Third New Int'l Dictionary*, 1897 (unabridged ed 1993); *see PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993) (looking to the ordinary meaning of words of common usage). Pursuant to subsection (6), an agency may supplement its reasoning on reconsideration. It may explain in greater detail the basis for its initial conclusion, modify its analysis, or retreat from a position it had taken earlier. But, in authorizing an agency to reconsider its decision, subsection (6) does not explicitly authorize an

---

[1] *See, e.g.*, OAR 137-003-0545(1), (2) (an agency may be represented at a contested case hearing by the Attorney General or by an agency representative); OAR 137-003-0600(4) (the proponent of the agency's action may present evidence in support of the action); OAR 137-003-0600(5) (the agency, through its attorney or representative, may question witnesses at a contested case hearing).

[2] Indeed, the stated reason for AFSD's notice of withdrawal is to present evidence that it had failed to present earlier.

agency to reopen the record and take new evidence. Rather, the legislature's use of the term "reconsideration" in subsection (6) implies that the agency is limited to rethinking its decision based on the existing record.

*The Oregon Attorney General's Administrative Law Manual* (2001) supports that interpretation of subsection (6). The Attorney General's manual explains that, as a general rule, "[r]econsideration occurs when, *based on the existing record in the case*, an agency reexamines the factual or legal basis for its order or reexamines the adequacy of its findings of fact, conclusions of law or its order." *Id.* at 156 (emphasis added). Rehearing, by contrast, "occurs when an agency either holds an entirely new hearing and re-decides the case based solely on the new hearing record, or the agency holds a supplementary hearing and re-decides the case based on the original record and the record developed at the supplementary hearing." *Id.* Here, ORS 183.482(6) provides for reconsideration. It does not provide for rehearing. If a party or an agency seeks rehearing—*i.e.*, seeks an opportunity to present additional evidence—after a petition for review has been filed, it first must satisfy the criteria set out in ORS 183.482(5).[3]

In this case, AFSD has not applied for leave of court to present additional evidence pursuant to ORS 183.482(5). Rather, it issued a notice of withdrawal pursuant to ORS 183.482(6) for the purpose of presenting additional evidence.

---

[3] AFSD argues that two portions of the Attorney General's model rules support its interpretation of ORS 183.482(6). If, as we hold, ORS 183.482(6) does not authorize an agency to withdraw its order to supplement the record, the Attorney General's model rules cannot expand the agency's authority. Moreover, the portions of OAR 137-003-0675(5) and (6) on which AFSD relies do not support its position. Both those subsections address an agency's authority to allow reconsideration or rehearing *before* a petition for review is filed. Neither defines an agency's authority under ORS 183.482(6) after a petition for review is filed. At most, OAR 137-003-0675(5) reflects an implicit assumption that is consistent with AFSD's argument, but AFSD's quotation of only selected portions of subsections (5) and (6) incorrectly implies that they stand for much more than they do.

AFSD also relies on ORAP 4.35(5), which provides that "[i]f the agency has considered any material beyond the present record" when it withdraws an order for reconsideration, it shall submit an amended record to the court administrator. ORAP 4.35(5). The rule refers to new material, not new evidence. An agency may receive memoranda from the parties and other documents that bear on the proper scope of reconsideration without receiving new evidence. ORAP 4.35(5) makes clear that those new materials should be included in the amended record.

It may not present additional evidence that way. As noted above, after AFSD filed its notice of withdrawal, it reopened the record, heard new evidence, and issued an order on reconsideration on February 6, 2002. Because we sustain Gritter's objection, AFSD's order on reconsideration is a nullity.

Objection to withdrawing the agency's final order sustained.