On respondent's Motion to Dismiss Judicial Review as Moot and to Vacate Decision filed June 12, previous decision (182 Or App 249, 48 P3d 195) vacated; dismissed as moot September 11, 2002

Angela GRITTER (MOTHERSHED),
*Petitioner,*

*v.*

ADULT & FAMILY SERVICES DIVISION,
a division of the Department of Human Resources,
*Respondent.*

2-0101-DE2393; A114316

53 P3d 469

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jas. Jeffrey Adams, Assistant Attorney General, for motion.

No appearance *contra.*

Before Brewer, Presiding Judge, and Wollheim and Kistler, Judges.

PER CURIAM

**PER CURIAM**

Respondent Adult Family and Services Division (AFSD) has moved to dismiss the petition for judicial review and to vacate our earlier decision in the case. *See Gritter v. AFSD*, 182 Or App 249, 48 P3d 195 (2002). AFSD argues that, because the case became moot before we issued our opinion, the case should be dismissed and our opinion vacated. We agree.

Petitioner sought review of an order in a contested case. After she filed her petition for review, AFSD moved to withdraw its order pursuant to ORS 183.482(6) to present additional evidence. Petitioner objected, arguing that AFSD could withdraw its order and present new evidence only under ORS 183.482(5). Despite petitioner's pending objection, AFSD held a hearing, took new evidence, and issued an order on reconsideration. The case went to the appellate settlement conference program, *see* ORAP 15.05, which resulted in a settlement. The court is not aware of which cases are selected for the settlement program, and the parties neglected to advise us that the case had settled. *See* ORAP 8.45. Seven weeks later, we issued our opinion, holding that, if AFSD wanted to present additional evidence, it needed to meet the standards set out in ORS 183.482(5). *Gritter*, 182 Or App at 255-56. Respondent contends, and we agree, that the parties' prior settlement rendered this case moot. We also agree that, because the case was moot when we issued our decision, our previous decision should be vacated. *See Kay v. David Douglas Sch. Dist. No. 40*, 303 Or 574, 738 P2d 1389 (1987), *cert den* 484 US 1032 (1988).

Previous decision vacated; dismissed as moot.