Susan Kathleen CHRISWISSER,
*Petitioner below,*

*v.*

Rodriguez McAuthor PITTS,
*Respondent below.*

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RODRIGUEZ McAUTHOR PITTS,
*Defendant-Appellant.*

Washington County Circuit Court
C111200RO; A149549

310 P3d 1162

Peter Gartlan, Chief Defender, and Elizabeth G. Daily, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Haselton, Chief Judge, and Hadlock, Judge.

PER CURIAM

## PER CURIAM

Defendant was found in contempt of court for willfully violating a Family Abuse Prevention Act (FAPA) restraining order on two occasions. The court sentenced defendant to probation and ordered defendant to pay attorney fees, a unitary assessment, and an offense surcharge. On appeal from the contempt judgment, defendant raises three assignments of error. We reject his first assignment of error without discussion and write to address his contention, in his second and third assignments, that the trial court plainly erred in imposing a unitary assessment and surcharge. *See* ORAP 5.45(1); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991) (court has discretion to review unpreserved error of law apparent on the face of the record).

The state concedes that the "unitary assessment and surcharge imposed by the trial court exceeded the trial court's authority and constituted plain error." We agree and accept the state's concession. *See State v. Quade*, 252 Or App 577, 287 P3d 1278 (2012) (court plainly erred in imposing unitary assessment on judgment of contempt); *see also* Or Laws 2009, ch 659, § 2(1) (instructing courts to impose offense surcharge in "all cases of conviction for the commission of a crime or violation"); *State v. Litscher*, 207 Or App 565, 569, 142 P3d 549 (2006) ("violation of a FAPA restraining order is not a 'violation' within the meaning of ORS 153.008(1)," nor is it a crime); *Bachman v. Bachman*, 171 Or App 665, 672, 16 P3d 1185 (2000), *rev den*, 332 Or 305 (2001) ("[A] contempt proceeding is neither civil nor criminal. Instead, it is a unique and inherent power of a court to ensure compliance with its orders."). Furthermore, in light of the interests of the parties and the ends of justice in this case, we conclude that it is appropriate to exercise our discretion to correct the error in this case. *See Ailes*, 312 Or at 382 n 6; *see also Quade*, 252 Or App at 578 (exercising discretion to correct plain error in imposing unitary assessment based on "the interests of the parties and the ends of justice"). Accordingly, the case must be remanded for entry of a contempt judgment that does not include the unitary assessment and surcharge.

Reversed and remanded for entry of a judgment omitting unitary assessment and surcharge; otherwise affirmed.