On appellant's petition for reconsideration filed October 8, petition for reconsideration allowed; former opinion (258 Or App 676, 310 P3d 1162) withdrawn; affirmed November 20, 2013, petition for review denied January 30, 2014 (354 Or 735)

Susan Kathleen CHRISWISSER,
*Petitioner below,*

*v.*

Rodriguez McAuthor PITTS,
*Respondent below.*

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RODRIGUEZ McAUTHOR PITTS,
*Defendant-Appellant.*

Washington County Circuit Court
C111200RO; A149549

314 P3d 728

Peter Gartlan, Chief Defender, and Elizabeth Daily, Deputy Public Defender, Office of Public Defense Services, for petition.

Before Sercombe, Presiding Judge, and Haselton, Chief Judge, and Hadlock, Judge.

PER CURIAM

**PER CURIAM**

Defendant seeks reconsideration of our decision in *Chriswisser v. Pitts*, 258 Or App 676, 310 P3d 1162 (2013), in which we rejected his first assignment of error without discussion, reversed and remanded for entry of a judgment omitting a unitary assessment and offense surcharge as to his second and third assignments of error, and otherwise affirmed.

Defendant asserts that we should reconsider our decision in this case because, although defendant "failed to inform the court that he was withdrawing his second and third assignments of error," after briefing was complete "the trial court entered an 'amended judgment' omitting the erroneous monetary obligations." Under the circumstances, defendant contends that his second and third assignments of error were moot when this court issued its decision and, because the court rejected without discussion the only other issue raised by defendant on appeal, "the correct disposition in this case is to affirm."

We agree with defendant. On April 12, 2013, the trial court entered an amended judgment omitting the unitary assessment and offense surcharge that we addressed in our original decision in this case. Accordingly, defendant's second and third assignments of error are moot. *See State v. Balogh*, 209 Or App 162, 163-64, 146 P3d 335 (2006) (granting reconsideration because the defendant's assignment of error had "become moot by the time we decided it"). We therefore allow defendant's petition for reconsideration, withdraw our former opinion, and affirm.

Petition for reconsideration allowed; former opinion withdrawn; affirmed.