318 April 2, 2025 No. 270

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Nathan WINTLE,
aka Nathan Paul Wintle,
*Petitioner-Respondent,*

*v.*

Meghan MARTIN,
aka Meghan Sue Martin,
*Respondent-Appellant.*

Multnomah County Circuit Court
19DR12331; A180495

Francis G. Troy, II, Judge.

On appellant's petition for reconsideration filed February 5, 2025. Opinion filed January 8, 2025. *Wintle v. Martin*, 337 Or App 343, 562 P3d 1148 (2025).

Alyson Sneider for petition.

Before Tookey, Presiding Judge, Kamins, Judge, and Nakamoto, Senior Judge.

TOOKEY, P. J.

Reconsideration allowed; opinion modified and adhered to as modified; affirmed.

**TOOKEY, P. J.**

Mother has filed a petition for reconsideration of our opinion in *Wintle v. Martin*, 337 Or App 343, 562 P3d 1148 (2025), in which we affirmed the parties' dissolution judgment and rejected mother's three assignments of error. We allow the petition for reconsideration and modify the opinion as stated herein.

The petition for reconsideration focuses on the third assignment of error on appeal, which challenged the trial court's inclusion in the parties' parenting plan of a provision requiring both parties' consent to international travel with the child. We rejected the assignment of error, correctly concluding that the trial court did not abuse its discretion in including the provision in the general judgment of dissolution.

Unbeknownst to mother's appellate attorney or to us (but known to father's appellate attorney, who was also the trial attorney), in September 2024, before oral argument on appeal, father and mother had stipulated in a supplemental judgment (drafted by father's attorney) to a change in the parenting plan that removed the requirement for the parties' consent to international travel. As stipulated, going forward, mother need not seek father's agreement to international travel. Additionally, the supplemental judgment deletes all parenting time with father. Both parties signed the stipulation; however, the parties did not notify the Court of Appeals. *See* ORAP 8.54 ("When an appellant becomes aware of facts that render an appeal moot, except as to facts the disclosure of which is barred by the attorney-client privilege, the appellant must provide notice of the facts to the court.").

Now, mother seeks to have us delete the substantive discussion about the third assignment of error, contending that the supplemental judgment has rendered moot the third assignment, because a decision on that assignment can have no practical effect on the parties. *See State v. K. J. B.*, 362 Or 777, 785, 416 P3d 291 (2018) (A case becomes moot when a court's decision will no longer have a practical effect on the rights of the parties.). We have no response from father.

We agree with mother that the third assignment of error is moot. The supplemental judgment modified the general judgment of dissolution and is now in effect. The general judgment's provision relating to international travel no longer applies. Thus, our discussion of the third assignment can have no practical effect going forward on the parties. We therefore allow reconsideration and modify the opinion accordingly. *See S. K. C. v. Pitts*, 259 Or App 543, 314 P3d 728 (2013), *rev den*, 354 Or 735 (2014) (allowing reconsideration and modifying opinion in light of amended trial court judgment entered before opinion issued); *Gritter v. Adult and Family Services Division*, 183 Or App 578, 53 P3d 469 (2002) (vacating an opinion that in a case that became moot before court issued its opinion).

The first paragraph of the opinion, beginning at page 344, is modified to state:

> "Mother appeals from a judgment dissolving the parties' 10-year marriage and awarding her custody of the parties' 12-year-old child. In her first and second assignments of error, mother challenges provisions of the property division. In her third assignment, mother challenges a provision of the parties' parenting plan requiring that both parties approve of the child's travel out of the country. The third assignment of error has been rendered moot by the parties' stipulated supplemental judgment, entered after briefing on appeal, deleting the travel provision. We therefore do not address it. We conclude that the trial court did not err or abuse its discretion in determining a just and proper division of the marital property and therefore affirm."

The opinion is further modified to delete the substantive discussion of the third assignment of error, beginning at page 344 with "The parties stipulated" through all of page 345. Although we allow reconsideration in this case, we highlight the importance of compliance with ORAP 8.54, as such compliance is tied to the court's efficient use of its resources. *See Terhune v. Myers*, 342 Or 376, 380, 153 P3d 109 (2007) (ORAP 8.54 "requires notice to the court, by implication, within a reasonable time, after the party learns the pertinent facts regarding mootness.").

Reconsideration allowed; opinion modified and adhered to as modified; affirmed.