Argued and submitted January 23, judgment of conviction for burglary vacated and remanded with instructions to enter a judgment of conviction for first-degree criminal trespass and for resentencing September 6, 2006

STATE OF OREGON,
*Respondent,*

*v.*

KEVIN DUANE LITSCHER,
*Appellant.*

CR030551DV, CR030564DV;
A125753 (Control), A125754
Cases Consolidated

142 P3d 549

Jason E. Thompson argued the cause for appellant. On the brief were Carla M. French, Paul M. Ferder, and Ferder Casebeer & French LLP.

Janet Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals from a judgment of conviction for first-degree burglary, ORS 164.225, assigning error to the trial court's denial of his motion for a judgment of acquittal. The conviction was based on evidence that defendant had unlawfully entered a home with the intention of violating a restraining order. Defendant argues that the evidence was legally insufficient to support a burglary conviction because the offense requires proof of entry into a building with the intention to commit a "crime" therein. According to defendant, under Oregon law, violating a restraining order constitutes contempt of court, not a crime. We agree and vacate defendant's burglary conviction and remand with instructions to enter a judgment of conviction for first-degree criminal trespass.

The relevant facts are not in dispute. Defendant's former girlfriend served him with a Family Abuse Prevention Act (FAPA) restraining order that prohibited him from contacting her. *See* ORS 107.718 (describing conditions under which a court shall issue a FAPA restraining order). In violation of that order, defendant entered her home. He was charged with burglary. The indictment alleged that defendant had unlawfully entered his former girlfriend's home "with the intent to commit the crime of violation of a restraining order/contempt of court therein."

At trial, defendant moved for a judgment of acquittal, arguing that, because violating a restraining order does not constitute a "crime," the state's evidence was legally insufficient to prove the offense of burglary. The trial court denied the motion, and the jury found defendant guilty.

On appeal, defendant renews his argument that violating a restraining order is punishable by a court as contempt but does not constitute a "crime" for purposes of ORS 164.225. The state responds that violating a restraining order is a "crime." According to the state, relevant statutes define a "crime" as conduct for which a sentence to a term of imprisonment is provided by law, and a court may punish violation of a restraining order by up to six months in jail. We agree with defendant that, although violating a restraining

order exposes the violator to the possibility of punitive sanctions, including the possibility of confinement, it does not constitute a "crime" for purposes of ORS 164.225.

■■ 2Whether violation of a restraining order constitutes a "crime" within the meaning of ORS 164.225 is a question of statutory construction. We therefore apply the interpretive method described in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), examining the text of the statute in context and, if necessary, legislative history and other aids to construction. In conducting our examination of the text in context, we consider, among other things, prior judicial construction of the relevant terms. *State v. Stubbs*, 193 Or App 595, 600, 91 P3d 774 (2004) (prior judicial construction of a statute's text is relevant at the first level of analysis under *PGE*).

ORS 164.215(1) provides that a person commits the crime of burglary in the second degree if that person "enters or remains unlawfully in a building with the intent to commit a crime therein." ORS 164.225(1) then provides that a person commits the crime of burglary in the first degree if that person violates ORS 164.215 and, among other things, the building is a dwelling. Neither statute defines the term "crime."

ORS 161.515 defines "crime" as "an offense for which a sentence of imprisonment is authorized." ORS 161.505 defines an "offense" as "conduct for which a sentence to a term of imprisonment or to a fine is provided" by law. The statute then adds that an offense "is either a crime, as described in ORS 161.515, or a violation, as described in ORS 153.008." The latter statute defines a "violation" as an offense that is either defined by law as such or one that is punishable by fine, but not by imprisonment. ORS 153.008(1).

ORS 107.718 and ORS 107.728 provide that violations of FAPA restraining orders are remedied by proceedings for contempt. *See generally Bachman v. Bachman*, 171 Or App 665, 672, 16 P3d 1185 (2000). ORS 33.105, in turn, provides that a court may impose up to six months' imprisonment for contempt of a court order. The criminal code, however, contains no separate offense of violation of a FAPA restraining order.

Thus, violation of a FAPA restraining order is not a "violation" within the meaning of ORS 153.008(1); it is not denominated as such by law, and it is punishable by imprisonment. Moreover, neither ORS 161.505 nor ORS 161.515 makes clear whether it is a "crime" or an "offense."

In *State v. Lam*, 176 Or App 149, 158, 29 P3d 1206 (2001), however, we addressed whether contempt is a "crime" for the purposes of a different offense, and we find the analysis of that issue dispositive of the similar issue confronting us in this case. In *Lam*, the defendant was charged with contempt by way of aiding and abetting after he told a companion not to reveal to a police officer where the officer could find a certain probationer who was suspected of violating probation. The defendant demurred to the charge on the ground that aiding and abetting is not a means of committing contempt. The state argued that because contempt is an unclassified misdemeanor, it may be regarded as a "type" of crime and, as a result, "the aiding and abetting statute applies to a person who attempts to aid and abet in the commission of that contempt." *Id.* at 152-53. The trial court disagreed and we affirmed. Quoting *Bachman*, we observed that contempt is " 'neither civil nor criminal. Instead it is a unique and inherent power of a court to ensure compliance with its orders.' Because contempt is not a crime, [the] defendant cannot be criminally liable for aiding and abetting a contempt, as charged by the information." 176 Or App at 158 (quoting *Bachman*, 171 Or App at 672).

The reasoning of *Lam* applies to our construction of ORS 164.215 and ORS 164.225. The state's theory at trial was that defendant entered the victim's home with the intent to violate a court's restraining order. Violating a court's restraining order is punishable as contempt. Under *Lam*, however, it is not a crime. It follows that the indictment did not allege and the state did not prove facts sufficient to support a conviction for burglary. The trial court therefore erred in denying defendant's motion for a judgment of acquittal.

■■ The state argues that, if we conclude that the trial court erred in denying the motion for judgment of acquittal, the proper remedy is a remand with instructions to enter a

judgment of conviction for the lesser-included offense of criminal trespass in the first degree. An offense is a lesser-included offense of another if "the facts alleged in the indictment expressly include conduct that describes the elements of the lesser included offense." *State v. Guzman*, 140 Or App 347, 351, 914 P2d 1120 (1996). ORS 164.255(1)(a) provides that a person commits first-degree criminal trespass if the person "[e]nters or remains unlawfully in a dwelling." In this case, the indictment alleged those elements. Moreover, the jury's verdict with respect to the burglary charge necessarily implies that it found defendant guilty of each of those elements beyond a reasonable doubt. We therefore agree with the state and vacate defendant's conviction for first-degree burglary and remand with instructions to enter a judgment of conviction for the lesser-included crime of criminal trespass in the first degree. *State v. Touchstone*, 188 Or App 45, 48, 71 P3d 536 (2003) (remanding for entry of judgment of conviction on lesser-included offense is appropriate when the elements of the lesser-included offense have been alleged and there is no dispute as to the sufficiency of the evidence as to those elements).

Judgment of conviction for burglary vacated and remanded with instructions to enter a judgment of conviction for first-degree criminal trespass and for resentencing.