Submitted November 5, in Case Number 091322DV, reversed and remanded with instructions to enter a judgment finding defendant in contempt of court; in Case Number 091759ADV, appeal dismissed December 8, 2010

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## LASHAWNDA RENEE REYNOLDS,
*Defendant-Appellant.*

Jackson County Circuit Court
091322DV, 091759ADV;
A142618 (Control), A142620

243 P3d 496

Peter Gartlan, Chief Defender, and Lindsey K. Detweiler, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Jennifer S. Lloyd, Attorney-in-Charge, Criminal Appeals, filed the brief for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

HASELTON, P. J.

**HASELTON, P. J.**

Defendant appeals judgments of conviction in two consolidated cases. Each judgment contains a single misdemeanor conviction for contempt of court that was based on defendant's violation of a restraining order. On appeal, defendant contends that the trial court erred "when it entered * * * criminal judgment[s] of conviction and sentence after finding defendant in contempt of court." The state concedes that the trial court erred. For the reasons stated below, with regard to Case Number 091322DV, we agree with and accept the state's concession. Accordingly, we reverse and remand the judgment in that case. However, with regard to Case Number 091759ADV, we dismiss the appeal as premature under ORS 138.071(1) because the judgment was not entered in the trial court's case register.

The procedural facts are uncontested. With regard to Case Number 091322DV, defendant was charged by information with contempt of court. With regard to Case Number 091759ADV, defendant was charged by indictment with unlawful possession of heroin, ORS 475.854, and contempt of court. Defendant pleaded guilty to the charge of unlawful possession of heroin.[1]

At the hearing concerning defendant's guilty plea, she waived her right to a hearing concerning the charge of contempt in each case and admitted that she had been in contempt of court. At that point, defense counsel asserted that the contempt charges should not result in "criminal convictions." The trial court disagreed. Ultimately, the court signed a judgment in each case that contained a misdemeanor conviction for contempt, but only the judgment in Case Number 091322DV was entered in the trial court's register. Defendant appeals the judgment in each case.

With regard to the appeal in Case Number 091322DV, relying on *State ex rel Hathaway v. Hart*, 300 Or

---

[1] The unlawful possession of heroin charge was resolved in an order on conditional discharge that is not at issue on appeal. *See* ORS 475.245 (providing, in part, that, "[w]henever any person pleads guilty to or is found guilty of possession of a controlled substance under * * * [ORS] 475.854, * * * the court, without entering a judgment of guilt and with the consent of the district attorney and the accused, may defer further proceedings and place the person on probation").

231, 708 P2d 1137 (1985), *State v. Litscher*, 207 Or App 565, 142 P3d 549 (2006), and *Bachman v. Bachman*, 171 Or App 665, 16 P3d 1185 (2000), *rev den*, 332 Or 305 (2001), defendant contends that

> "contempt of court is not a crime. It is neither civil nor criminal, but rather, it is an exercise of a court's inherent judicial authority. Accordingly, when a trial court finds a defendant in contempt of court and imposes punitive sanctions, the individual is not convicted and sentenced as is a criminal defendant."

The state concedes that the trial court erred. We agree with the state and accept its concession. Accordingly, we reverse defendant's conviction for contempt in Case Number 091322DV and remand for entry of a judgment in that case finding defendant in contempt of court.

With regard to Case Number 091759ADV, although the trial court signed a judgment of conviction, that judgment was not entered in the trial court's case register. ORS 138.071(1) provides that, generally, "a notice of appeal must be served and filed not later than 30 days *after the judgment or order appealed from was entered in the register.*" (Emphasis added.) Accordingly, we dismiss the appeal from that judgment.

In Case Number 091322DV, reversed and remanded with instructions to enter a judgment finding defendant in contempt of court. In Case Number 091759ADV, appeal dismissed.