Submitted December 2, conviction on Count 1 reversed; otherwise affirmed
December 29, 2011

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## TERRY DION CALDWELL,
aka Terry Caldwell,
*Defendant-Appellant.*

Multnomah County Circuit Court
100342639; A145511

270 P3d 341

Peter Gartlan, Chief Defender, and Jonah Morningstar, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Douglas F. Zier, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

HASELTON, P. J.

**HASELTON, P. J.**

Defendant appeals a judgment of conviction, following a bench trial, for two counts of contempt for violating a restraining order issued pursuant to the Family Abuse Prevention Act, ORS 107.700 to 107.735. On appeal, he contends that the trial court erred in denying his motion for judgment of acquittal (MJOA) as to one of those counts. For the reasons stated below, we reverse.

Viewed most favorably to the state, *State v. Burgess*, 240 Or App 641, 643, 251 P3d 765, *rev allowed*, 351 Or 318 (2011), the record discloses the following facts. At trial, Officer Olmos testified that, in March 2010, he investigated a report that a restraining order had been violated. While Olmos was taking a statement from Weiss, the person protected by the restraining order, he answered a phone call from defendant on Weiss's phone. Olmos asked defendant whether he knew that Weiss had a restraining order against him and that he was not supposed to have any contact with her. Defendant responded affirmatively.

Thereafter, Officer Hunt interviewed defendant, after giving him *Miranda* warnings. When Hunt asked defendant whether he remembered the previous phone contact with Weiss, defendant responded, " 'She texted me first. I texted her back. We never talked. It was all texting.' " Also, when Hunt asked defendant whether he had been served with a restraining order, defendant answered, " 'Yeah. I admit answering her text, but she texted me first.' " Defendant acknowledged sending 25 text messages.

Other than defendant's statements to Hunt, the state offered no evidence to demonstrate that defendant had contacted Weiss by sending text messages. Specifically, Weiss did not testify at trial, and the state offered no extrinsic evidence of the text messages that defendant allegedly sent.

Defendant was charged with 25 counts of contempt for violating the restraining order. Counts 1 to 24 were based on defendant's alleged contacts with Weiss by text message. Count 25 was based on the phone call described above.

At the close of the state's case, defendant moved for a judgment of acquittal on Counts 1 to 24, contending that, when the evidence is viewed "in the light most favorable to the State there's been no corroboration of the admission or confession made by [defendant]." The state's only response was that the court should "consider the fact that defendant did admit to an officer that he did make those text messages to [Weiss]."

The court granted defendant's motion with respect to Counts 2 to 24. However, the court denied the motion with respect to Count 1. In particular, with regard to defendant's argument concerning the lack of corroboration, the court stated:

> "By the way, I respect [defense counsel's] argument about corroboration, but I find there's sufficient corroboration * * * of the defendant's admissions in the fact that there is a restraining order and that corroborates his statements that he knew * * * that he'd been served with a restraining order and the restraining order in evidence names him as the respondent and Ms. Weiss as the petitioner. So I find that sufficient corroboration."

In response, defense counsel remonstrated:

> "[T]he existence of a restraining order is no more corroboration of a subsequent violation of it by text message than, for example, a statute against murder is corroboration of someone walking into a police station and saying I killed Jimmy Hoffa.
>
> "* * * In this case, just the mere fact that there's a restraining order, defense's position is, it's not corroboration that someone violated it later on."

Nevertheless, the court adhered to its ruling on defendant's motion. Defendant appeals the resulting judgment of conviction on Counts 1 and 25.[1]

---

[1] A conviction for contempt is not a proper disposition. *See State v. Campbell*, 246 Or App 683, 267 P3d 205 (2011) (accepting state's concession that contempt is not a crime and that the court erred in entering a conviction for contempt); *State v. Reynolds*, 239 Or App 313, 243 P3d 496 (2010) (accepting state's concession that trial court erred in imposing a judgment of conviction and sentence after finding the defendant in contempt). Because defendant does not contend on appeal that the court erred in entering convictions for contempt, we do not address that issue.

On appeal, defendant challenges only his conviction on Count 1, contending that the trial court erred in denying his MJOA on that count and essentially reprising the arguments that he made to the trial court. The state concedes that, even when viewed in the light most favorable to the state, "the evidence here—defendant's confession that he knowingly sent text messages to [Weiss] in violation of a restraining order—was not sufficiently corroborated." We agree and accept the state's concession.[2] *See* ORS 136.425(2) (providing that, except under circumstances that are inapplicable here, "a confession alone is not sufficient to warrant the conviction of the defendant without some other proof that the crime has been committed"); *State v. Kelley*, 239 Or App 266, 276, 243 P3d 1195 (2010), *rev den*, 350 Or 131 (2011) (reasoning that ORS 136.425 "only requires that the state introduce independent evidence that *tends* to establish the *corpus delicti*"—the commission of the crime (internal quotation marks omitted; emphasis in *Kelley*)).

Conviction on Count 1 reversed; otherwise affirmed.

---

[2] In so doing, we agree with defendant's assertion and the state's concession that, on this record, defendant's statements must be deemed to be a confession. *See State v. Muzzy*, 190 Or App 306, 317-21, 79 P3d 324 (2003), *rev den*, 336 Or 422 (2004) (discussing the distinction between a "confession" and an "admission").