Submitted August 29, reversed and remanded for entry at judgment consistent with this opinion September 26, 2012

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JASON CHARLES QUADE,
*Defendant-Appellant.*

Columbia County Circuit Court
086127; A146266

287 P3d 1278

Peter Gartlan, Chief Defender, and Erik Blumenthal, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Pamela J. Walsh, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Haselton, Chief Judge, and Sercombe, Judge.

PER CURIAM

## PER CURIAM

Defendant pleaded guilty on four counts of contempt and argues on appeal that the trial court plainly erred in imposing six-month sentences on two of the counts and also erred in making the sentences on each count consecutive. He also asserts that the court erred in entering contempt convictions, and in imposing unitary assessments and fees. The state concedes that the trial court plainly erred by entering misdemeanor convictions on the counts of contempt. The state also concedes that, because the contempt counts were not based on the commission of a crime or violation, the trial court plainly erred by imposing unitary assessments. *See* ORAP 5.45; *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991) (court has discretion to review unpreserved error of law apparent on the face of the record).

We agree and accept the state's concessions. *See State v. Reynolds*, 239 Or App 313, 315-16, 243 P3d 496 (2010) (accepting state concession that criminal conviction for contempt of court was error); ORS 137.290(1) (2009) (providing for unitary assessments in "cases of conviction for the commission of a crime or violation"). Furthermore, in light of the interests of the parties and the ends of justice in this case, we conclude that it is appropriate to exercise our discretion to correct the error. *See Ailes*, 312 Or at 382 n 6 (providing that the "gravity of the error" and the "competing interests of the parties" are factors to be considered in deciding whether to exercise discretion to consider plain error). Accordingly, we must reverse and remand, which obviates the need to address defendant's other assignments of error, which the court may address on remand.

Reversed and remanded for entry at judgment consistent with this opinion.