Submitted March 1, conviction on Count 4 reversed and remanded with instructions to enter a judgment finding defendant in contempt of court; otherwise affirmed April 24, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BILLY GOSTEVSKYH,
*Defendant-Appellant.*

Marion County Circuit Court
10C40028; A146637

300 P3d 306

Jason E. Thompson and Ferder Casebeer French & Thompson, LLP, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Laura S. Anderson, Senior Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for fourth-degree assault and contempt, asserting two assignments of error: (1) that the trial court erred in admitting, as substantive evidence, the victim's hearsay statements to the investigating deputy sheriff, and (2) that the court erred in entering a misdemeanor conviction for contempt, based on defendant's violation of his pretrial release agreement, because contempt is not a crime. We reject defendant's first assignment of error without discussion. With regard to the second, the state concedes that the trial court plainly erred in entering the finding of contempt as a misdemeanor conviction. We agree and accept the state's concession; moreover, considering the interests of the parties and the ends of justice in this case, we conclude that it is appropriate to exercise our discretion to correct the error. *See State v. Quade*, 252 Or App 577, 287 P3d 1278 (2012) (correcting as plain error the trial court's entry of misdemeanor convictions for contempt); *State v. Caldwell*, 247 Or App 372, 375 n 1, 270 P3d 341 (2011) ("A conviction for contempt is not a proper disposition."); *State v. Reynolds*, 239 Or App 313, 316, 243 P3d 496 (2010) (accepting state's concession that contempt is not a crime and that the court erred in entering a conviction for contempt).

Conviction on Count 4 reversed and remanded with instructions to enter a judgment finding defendant in contempt of court; otherwise affirmed.