Submitted September 6, reversed and remanded October 9, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TRACY DELA COUGHLIN,
*Defendant-Appellant.*

Washington County Circuit Court
C900196CR; A151027

311 P3d 988

James F. O'Rourke, Jr., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Christina M. Hutchins, Senior Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

HADLOCK, J.

## HADLOCK, J.

ORS 137.225(1) generally describes the circumstances under which individuals who were convicted of certain specified crimes and who have "fully complied with and performed" their sentences may apply to have their convictions set aside. Under subsection (6) of that statute, a person who otherwise would qualify to have his or her conviction set aside is ineligible for that relief if, "within the 10-year period immediately preceding the filing of the motion," the person was "convicted * * * of any other offense, excluding motor vehicle violations." ORS 137.225(6)(b). This case presents the question whether a person who is found in contempt of court has been "convicted * * * of any other offense" for purposes of ORS 137.225(6)(b), thereby becoming ineligible to have a previous criminal conviction set aside under ORS 137.225(1). We conclude that a contempt adjudication does not constitute conviction of an offense for those purposes. Accordingly, we reverse and remand the trial court's order denying defendant's motion to set aside her 1990 forgery conviction, which was based on the trial court's determination that defendant's 2005 contempt adjudication made her ineligible to have her earlier conviction set aside.

The pertinent facts are undisputed. In 1990, defendant pleaded guilty to one count of forgery. The trial court sentenced defendant to 24 months of probation. According to defendant's unchallenged assertion in this proceeding, she "successfully completed her probation without incident."

In 2005, defendant was found to be in contempt of court for violating a restraining order. A computer printout from the Multnomah County Circuit Court reflects the contempt adjudication, labeling it as "Offense Misdemeanor-Contempt of Court/Punitiv[e]" and indicating that defendant had been "[c]onvicted" of violating a restraining order. Defendant was placed on probation and ordered to pay a unitary assessment of $67.

In 2011, defendant moved to have her 1990 forgery conviction set aside, along with the associated records of her

arrest.[1] Defendant averred in a supporting affidavit that she had "no criminal convictions within the past ten (10) years" and that "no criminal cases [were] pending against [her] in any court." The state opposed defendant's motion on the ground that the 2005 contempt adjudication rendered her ineligible to have the forgery conviction set aside. The trial court denied defendant's motion based on its determination that "defendant had a conviction within the ten year period immediately preceding the filing of the motion, and therefore [was] ineligible per ORS 137.225(6)(b)."

On appeal, defendant argues that "the term 'offense' used in ORS 137.225" does not include an "adjudication for contempt." Defendant points to ORS 161.505, which defines "offense" as "either a crime, as described in ORS 161.515, or a violation, as described in ORS 153.008." Contempt is not a crime, defendant argues, because it is neither a felony nor a misdemeanor. *See* ORS 161.515(2) ("A crime is either a felony or a misdemeanor."). Moreover, according to defendant, contempt is not a violation because ORS 153.008(1)(b) provides that a violation cannot be punishable by confinement, as contempt may be. Defendant also relies on cases that she describes as holding that "contempt is not a crime."

In response, the state contends that, "[e]ven though a contempt of court is not a crime, it may still be an offense for purposes of the expunction statute." The state does not provide any statutory analysis to support that contention. Instead, the state relies exclusively on *State v. Thompson*, 294 Or 528, 659 P2d 383 (1983), in which the Supreme Court addressed a situation in which a person had been charged both with "criminal contempt"[2] and with criminal trespass for having entered a neighbor's property after having been enjoined from doing so. *Id.* at 530-31. The question

---

[1] Under ORS 137.225(3), when a trial court sets aside a conviction, the trial court enters an order that seals not only the record of conviction, but also "other official records in the case, including the records of arrest."

[2] "Contempt is either 'remedial' or 'punitive,' depending upon the sanction sought." *State ex rel Gibbon v. West*, 118 Or App 580, 583 n 1, 848 P2d 637 (1993); *see* ORS 33.015(3), (4) (defining punitive and remedial contempt sanctions). Before the legislature enacted the definitions of punitive and remedial sanctions, an analogous distinction was drawn between "criminal" and "civil" contempt. *Gibbon*, 118 Or App at 583.

presented was whether the state's pursual of both charges violated ORS 131.515, which provides, in part:

"(1)   No person shall be prosecuted twice for the same offense.

"(2)   No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

The court held that, at least for purposes of ORS 131.515, "criminal contempt is an 'offense.'" *Id.* at 532-33. "Under the rationale of [*Thompson*]," the state argues, "a contempt of court should also be considered an offense for purposes of the expunction statute."

For the reasons set forth below, we find defendant's statutory analysis more persuasive than the state's reliance on *Thompson*, and we conclude that a person does not become ineligible to have a conviction set aside under ORS 137.225 merely because the person was held in contempt during the 10 years preceding his or her motion seeking that relief.

As noted, ORS 137.225(6)(b) provides that a person who otherwise is eligible to have a conviction set aside nonetheless is ineligible if the person has been "convicted, within the 10-year period immediately preceding the filing of the motion * * * of any other offense, excluding motor vehicle violations * * *." Two words in that statute are particularly significant to our analysis. The first is "convicted": Only the condition of having been "convicted" can lead to ineligibility under ORS 137.225(6)(b). No statute explicitly defines what "convicted" means for purposes of ORS 137.225. However, other statutes define a "conviction," or the status of being "convicted," as relating to having been judged guilty of a *crime. See, e.g.,* ORS 137.230 ("As used in ORS 137.260, 'conviction' or 'convicted' means an adjudication of guilt upon a verdict or finding entered in a criminal proceeding in a court of competent jurisdiction."). Contempt is not a crime. *State v. Reynolds*, 239 Or App 313, 316, 243 P3d 496 (2010). Perhaps more to the point, we have repeatedly held that a finding of contempt—even of punitive contempt—is not a

conviction. *See, e.g., State v. Caldwell,* 247 Or App 372, 375 n 1, 270 P3d 341 (2011) ("A conviction for contempt is not a proper disposition."); *see also State v. Larrance,* 256 Or App 850, 851, 302 P3d 481 (2013) (per curiam opinion reversing a judgment that erroneously stated that a defendant had been "convicted of the crime of contempt"). That is, a person who has been found in contempt of court has not been "'convicted' of contempt." *Johnston/State v. Jung,* 255 Or App 507, 508, 296 P3d 1287 (2013). Indeed, the contempt finding does not result in the person having been "convicted" of anything. *See Pavlovets/State v. Karimzadeh,* 254 Or App 342, 343, 292 P3d 665 (2012) (suggesting that a judgment finding a defendant in contempt should "not refer in any way to [the] defendant being 'convicted'").

The second important word in ORS 137.225(6)(b) is "offense." The parties agree, and so do we, that ORS 161.505 provides the applicable statutory definition of that term:

> "An offense is conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state or by any law or ordinance of a political subdivision of this state. An offense is either a crime, as described in ORS 161.515, or a violation, as described in ORS 153.008."

Although that statute begins by describing the types of punishment that can attach to criminal conduct, it "then adds" that an offense is either a crime or a violation. *State v. Litscher,* 207 Or App 565, 568, 142 P3d 549 (2006). That addition is significant; it means that—no matter how conduct may be punishable—that conduct is an "offense" only if it is a "crime" or a "violation," as those terms themselves are statutorily defined.

As explained above, contempt is not a crime. *Reynolds,* 239 Or App at 316; *see also Litscher,* 207 Or App at 569 (violation of a restraining order, punishable by contempt, "is not a crime"). Nor is contempt a violation within the meaning of ORS 153.008, as contempt "is not denominated as such by law, and it is punishable by imprisonment."[3] *Litscher,* 207 Or App at 569. It follows that contempt is not an "offense."

---

[3] ORS 153.008(1) provides:

"(1) Except as provided in subsection (2) of this section, an offense is a violation if any of the following apply:

The Supreme Court's decision in *Thompson* does not compel a different result. As noted, the court held in that case that ORS 131.515, which prohibits multiple prosecutions for the same "offense," precluded the state from pursuing both contempt charges and criminal charges against a person in relation to a single act of trespass. In relying on *Thompson*, the state asserts that its holding is premised on the statutory definition of "offense" in ORS 131.505— the same statute that defines "offense" for purposes of this case. But *Thompson* is based on a previous version of that statute, one that did not define "offense" as precisely as the current statute does. That earlier version of ORS 161.505 began (as the statute does now) by stating that an offense is conduct punishable by imprisonment or fine. ORS 161.505 (1981). However, the second half of the statute provided only generally that an offense was "either a crime or a violation or an infraction," without pointing to statutory definitions of the latter terms, as the current statute does. *Id.* The *Thompson* court did not address the second part of the statute. Instead, the court looked only to the first part of the statute, and concluded that "contempt [was] an 'offense'" because it could be punished by fine or an imprisonment. In our view, the post-*Thompson* amendments limiting the definition of "offense" to statutorily defined crimes and violations are significant.

Moreover, the result in *Thompson* was based not only on the statutory definition of "offense," but also on the

---

"(a) The offense is designated as a violation in the statute defining the offense.

"(b) The statute prescribing the penalty for the offense provides that the offense is punishable by a fine but does not provide that the offense is punishable by a term of imprisonment. The statute may provide for punishment in addition to a fine as long as the punishment does not include a term of imprisonment.

"(c) The offense is created by an ordinance of a county, city, district or other political subdivision of this state with authority to create offenses, and the ordinance provides that violation of the ordinance is punishable by a fine but does not provide that the offense is punishable by a term of imprisonment. The ordinance may provide for punishment in addition to a fine as long as the punishment does not include a term of imprisonment.

"(d) The prosecuting attorney has elected to treat the offense as a violation for purposes of a particular case in the manner provided by ORS 161.566.

"(e) The court has elected to treat the offense as a violation for purposes of a particular case in the manner provided by ORS 161.568."

court's view that "reading *** ORS 131.515 to encompass proceedings on contempt charges *** carries out the policies that the statutes governing multiple prosecutions are designed to serve." 294 Or at 533. As the court emphasized, those statutes "are designed to serve the policy against consecutive prosecutions that also underlies the constitutional guarantees" against double jeopardy. *Id.* ORS 137.225, the statute that sets out the conditions under which certain convictions may be set aside, does not implicate any similar concerns. We conclude that, because the statutory definition of "offense" has been amended since *Thompson* was decided and because *Thompson* was based partly on policy considerations not at issue in this case, *Thompson* does not control the result here.

To recap: A person who has been found in contempt has not been "convicted *** of any offense" for purposes of ORS 137.225(6)(b). Such a contempt finding does not, therefore, render a person ineligible to have a criminal conviction set aside under ORS 137.225(1). The trial court erred when it reached a contrary conclusion.

Having determined that defendant's contempt adjudication does not render her statutorily ineligible to have her forgery conviction set aside, we must determine the appropriate remedy. Defendant asks that we reverse the trial court's order and "remand this case for entry of an order expunging her conviction." The state argues that, if we conclude that the trial court erred, we should remand the case to the trial court so it may determine, in the first instance, whether "the circumstances and behavior of [defendant] from the date of conviction *** to the date of the hearing on the motion warrant setting aside the conviction." ORS 137.225(3). The state contends that, in doing so, the trial court would have "discretion to deny defendant's motion to set aside her forgery conviction because she had acted contrary to public law when she violated the [Family Abuse Prevention Act] restraining order."

We agree with the state that a remand is necessary. Although defendant's contempt adjudication did not make her ineligible to have her conviction set aside, she is not necessarily entitled to that result. To the contrary, ORS

137.225(3) provides that, even when a person has not been convicted of a disqualifying offense, the trial court still must determine whether "the circumstances and behavior of the applicant from the date of conviction * * * to the date of the hearing on the motion warrant setting aside the conviction." The Supreme Court has explained that the quoted statutory text does not give trial courts broad discretion to deny requests to set aside convictions but, instead, requires the trial court "to examine whether the applicant has behaved in conformity with or contrary to public law." *State v. Langan*, 301 Or 1, 9, 718 P2d 719 (1986). A trial court has authority to deny an otherwise qualified person's request to set aside a conviction only if it determines (1) that the person violated public law in the 10-year period preceding that person's ORS 137.225 motion and (2) that the violation warrants denying the person's request. *Id.* at 10.

The trial court, in this case, appears to have concluded that defendant *necessarily* was ineligible to have her forgery conviction set aside because she had been found in contempt. As we have explained, that conclusion was erroneous because the contempt finding is not a "conviction" for an "offense" within the meaning of ORS 137.225(6)(b). We remand so that the trial court may determine in the first instance whether the state met its burden to show that, even though the contempt finding is not an automatically disqualifying conviction, defendant nevertheless violated public law "so as not to warrant setting aside [her] conviction." *Langan*, 301 Or at 10.

Reversed and remanded.