Submitted August 19, reversed and remanded with instructions to enter judgment finding defendant in contempt of court; otherwise affirmed September 17, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIAM ELLIS BUCHANAN,
*Defendant-Appellant.*

Douglas County Circuit Court
12CR1027CT; A152372

336 P3d 542

Peter Gartlan, Chief Defender, and Kali Montague, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Laura S. Anderson, Senior Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for contempt, asserting three assignments of error. We reject without discussion defendant's second and third assignments of error, in which he contends that the trial court erred in imposing a $400 fine and $60 in attorney fees, and write only to address his first assignment of error. In that assignment, defendant contends that the court erred in entering a misdemeanor conviction for contempt because contempt is not a crime. Although defendant did not raise that contention before the trial court, he asserts that we should review the issue as plain error. *See* ORAP 5.45(1); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991) (court has discretion to review unpreserved error of law apparent on the face of the record). The state concedes that the trial court plainly erred in entering a misdemeanor conviction for contempt and that, therefore, "the case should be reversed and remanded with instructions to enter a judgment finding defendant in contempt of court, and omitting reference to a conviction for an unclassified misdemeanor." We agree and accept the state's concession. Furthermore, considering the interests of the parties and the ends of justice, we conclude that it is appropriate to exercise our discretion to correct the error in this case. *See State v. Gostevskyh*, 256 Or App 472, 473, 300 P3d 306 (2013) (exercising discretion to correct, as plain error, trial court's entry of a misdemeanor conviction for contempt); *State v. Quade*, 252 Or App 577, 578, 287 P3d 1278 (2012) (correcting as plain error the trial court's entry of misdemeanor convictions for contempt); *see also State v. Caldwell*, 247 Or App 372, 375 n 1, 270 P3d 341 (2011) ("A conviction for contempt is not a proper disposition.").

Reversed and remanded with instructions to enter judgment finding defendant in contempt of court; otherwise affirmed.