Submitted November 7, 2014, reversed and remanded February 4, 2015

**STATE OF OREGON,**
*Plaintiff-Respoonndent,*

*v.*

**J. N. L.,**
*Defendant-Appellant.*

Washington County Circuit Court
C061425CR; A156627

344 P3d 59

J. N. L. filed the briefs *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Timothy A. Sylwester, Senior Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

HADLOCK, J.

## HADLOCK, J.

Defendant appeals a trial court order denying his motion to set aside a conviction under ORS 137.225. The trial court denied the motion because defendant had previously been convicted of an offense in Washington state. Defendant asserts that the conduct underlying the Washington conviction occurred before the conviction that he seeks to set aside and therefore did not preclude relief under ORS 137.225. We agree with defendant and, therefore, reverse and remand.

Defendant was charged in Washington County Circuit Court with possession and delivery of marijuana in June 2006. Around the same time, he was also arrested in Washington state and charged in Clark County Superior Court with manufacturing marijuana. In November 2006, defendant pleaded guilty to delivery of marijuana in the Oregon case, and the possession count was dismissed. In March 2007, he entered a guilty plea in the Washington case.

Defendant later filed a motion in the Clark County court to vacate the Washington conviction under RCW 9.94A.640, which permits courts, under certain circumstances, to "clear the record of conviction" and provides that, once the court has done so, "the offender shall be released from all penalties and disabilities resulting from the offense. For all purposes, including responding to questions on employment applications, an offender whose conviction has been vacated may state that the offender has never been convicted of that crime." The Clark County court granted the motion in July 2013.

The next month, defendant filed a motion in the Washington County court to set aside the Oregon conviction under ORS 137.225. That statute provides, in pertinent part:

"(1)(a)   At any time after the lapse of three years from the date of pronouncement of judgment, any defendant who has fully complied with and performed the sentence of the court and whose conviction is described in subsection (5) of this section by motion may apply to the court where the conviction was entered for entry of an order setting aside the conviction; * * *

"* * * * *

"(3) Upon hearing the motion, the court may require the filing of such affidavits and may require the taking of such proofs as the court deems proper. The court shall allow the victim to make a statement at the hearing. Except as otherwise provided in subsection (13) of this section, if the court determines that the circumstances and behavior of the applicant from the date of conviction * * * to the date of the hearing on the motion warrant setting aside the conviction, * * * the court shall enter an appropriate order * * *. Upon entry of the order, the applicant for purposes of the law shall be deemed not to have been previously convicted, * * * and the court shall issue an order sealing the record of conviction and other official records in the case * * *.

"* * * * *

"(6) Notwithstanding subsection (5) of this section, the provisions of subsection (1) of this section do not apply to:

"* * * * *

"(b) A person convicted, within the 10-year period immediately preceding the filing of the motion pursuant to subsection (1) of this section, of any other offense, excluding motor vehicle violations, whether or not the other conviction is for conduct associated with the same criminal episode that caused the arrest or conviction that is sought to be set aside. Notwithstanding subsection (1) of this section, a conviction that has been set aside under this section shall be considered for the purpose of determining whether this paragraph is applicable."

Defendant asserted that the vacated Washington conviction could not be considered in determining whether he was eligible to have the Oregon conviction set aside, arguing that ORS 137.225(6)(b) allowed the court to consider a vacated conviction only if the conviction had been "set aside under this section"—that is, under ORS 137.225. Because the Washington conviction was set aside under RCW 9.94A.640, defendant contended, the court should not consider it.

The state objected to defendant's motion, raising two arguments. First, citing ORS 137.225(6)(b), it asserted that defendant had been "convicted of another offense within the 10 years preceding this motion," referring to the 2007

Washington conviction. The state acknowledged that the conviction had been vacated, but it argued that a conviction that was not set aside under ORS 137.225—in other words, a conviction that was set aside under some other law—should be considered for purposes of determining whether a defendant is eligible to have an Oregon conviction set aside. Second, citing ORS 137.225(3), the state asserted that the fact that defendant was convicted in the Washington case "four months after this conviction should lead the court to find that the 'circumstances and behavior of the defendant from the date of the conviction to the date of the hearing on the motion to set aside' do not warrant this conviction being set aside."

Defendant responded that the events that led to his Washington conviction occurred no later than June 2006, several months before he was convicted in the Oregon case, and thus were not part of the "circumstances and behavior" that the court could consider under ORS 137.225(3).

At the hearing on defendant's motion, the trial court stated that defendant's view of ORS 137.225(6)(b) was correct "from a technical standpoint" because the Washington conviction had not been "set aside under this section"— that is, under ORS 137.225. However, the court went on to observe that it was required to assess defendant's "circumstances and behavior" in determining whether setting aside the Oregon conviction was "the right thing to do" under ORS 137.225(3). Addressing defendant, the court stated:

> "If you had been convicted in Oregon under the statute it would absolutely—so if all we do, we take the exact same facts, we just move them across the border, you'd agree that you wouldn't qualify [to have the Oregon conviction set aside]. I mean, you just—by the plain language of the statute, it's intended to stop that very situation, right?
>
> "* * * * *
>
> "The bottom line is, I have to make a finding that the circumstances and behavior warrant setting aside. * * * When I ask you if this statute specifically is designed and intended to stop this behavior if it happens wholly within our borders, why would it warrant setting aside when it happens outside our borders?"

The court ultimately stated, "I will not make the finding that the circumstances warrant [setting aside the Oregon conviction]. I do not find that, because the clear and plain language of the statute says that you do not hide behind expungements." The court entered an order denying defendant's motion.[1]

Defendant appeals, renewing the arguments that he made below. The state responds that the trial court correctly denied the motion under ORS 137.225(3).[2]

We begin our analysis by summarizing the significance of the two subsections of ORS 137.225 that the parties and the trial court discussed. The first is subsection (6)(b), which provides that a person is ineligible to have a conviction set aside if the person has been convicted of another offense (other than a motor vehicle violation) "within the 10-year period immediately preceding the filing of the motion." ORS 137.225(6)(b). A previous conviction that had itself been set aside under ORS 137.225 "shall be considered for the purpose of determining whether" ORS 137.225(6)(b) applies. *Id.* Thus, a trial court applies subsection (6)(b) in determining whether a particular applicant is eligible to have a conviction set aside.

---

[1] The court actually entered two orders denying defendant's motion. The first order consisted of a preprinted form on which the court wrote simply, "Motion to set aside is denied." The court signed and filed that order on the day of the hearing, March 14, 2014, but the order was not entered in the court register until September 25, 2014. The second order, which was drafted by the Washington County District Attorney's office, stated, "After hearing the argument of the parties, the Court FINDS that defendant had a conviction within the ten year period immediately preceding the filing of the motion, and therefore is ineligible per ORS 137.225(6)(b)." The court signed that order on April 18, 2014, and it was entered in the register a week later.

Defendant filed a notice of appeal from the first order on April 10, 2014. The filing of that notice of appeal divested the trial court of jurisdiction to sign and enter a second order. *See* ORS 19.270(1) ("The Supreme Court or the Court of Appeals has jurisdiction of the cause when the notice of appeal has been served and filed ***.") It follows that the second order is a nullity. However, notwithstanding the filing of the notice of appeal, the trial court retained jurisdiction to enter the first order. *See* ORS 19.270(5)(a) (after a notice of appeal has been filed, the trial court retains jurisdiction to enter a judgment or order that the trial judge had signed before the notice of appeal was filed). Accordingly, the first order is the operative one in this appeal.

[2] The state does not challenge the trial court's determination that defendant's Washington conviction, which itself had been set aside, did not preclude the setting aside of his Oregon conviction under ORS 137.225(6)(b).

The second pertinent provision is ORS 137.225(3), which provides that, even though an applicant may meet the other statutory requirements for having a conviction set aside, "the trial court still must determine whether 'the circumstances and behavior of the applicant from the date of conviction * * * to the date of the hearing on the motion warrant setting aside the conviction.'" *State v. Coughlin*, 258 Or App 882, 889, 311 P3d 988 (2013) (quoting ORS 137.225(3)). The Supreme Court has explained that ORS 137.225(3) "does not give trial courts broad discretion to deny requests to set aside convictions but, instead, requires the trial court 'to examine whether the applicant has behaved in conformity with or contrary to public law.'" *Coughlin*, 258 Or App at 889 (quoting *State v. Langan*, 301 Or 1, 9, 718 P2d 719 (1986)). Not every deviation "from socially approved conduct" will be disqualifying under subsection (3); rather, the applicant's behavior "must be some form of legal, not merely social, impropriety." *Langan*, 301 Or at 9.

As noted above, the court in this case denied defendant's motion to set aside his conviction by applying ORS 137.225(3), not by finding defendant disqualified under ORS 137.225(6). In doing so, the court reasoned that it could take defendant's Washington conviction into account under subsection (3) because, had that conviction not been set aside, it would have disqualified defendant under subsection (6)(b). According to the state, "the court's ruling on that point makes eminent sense," because, had defendant been convicted of manufacturing marijuana

"in Oregon rather than in Washington, and if he then had that conviction set aside under ORS 137.225(1) instead of vacated under RCW 9.94A.640, and if he then had filed his current motion to set aside his [delivery] conviction, then ORS 137.225(6)(b) would have applied and barred relief. Therefore, as the circuit court noted, the general public policy reflected in ORS 137.225(6)(b) should apply with equal force to defendant's current motion. That is, even though his [manufacturing] conviction in Clark County was vacated pursuant to RCW 9.94A.640, that conviction was entered within the past 10 years and it means that, in applying the *Langan* standard, '(1) that the person violated public law in the 10-year period preceding that person's ORS 137.225

motion and (2) that the violation warrants denying the person's request.'"

The problem with the state's argument is that it rests on a misinterpretation of ORS 137.225(3) and *Langan*—a misinterpretation for which we are responsible. As we explain in more detail below, under ORS 137.225(3), the trial court may consider only the defendant's "circumstances and behavior" *after* the conviction that he or she seeks to have set aside. We were plainly wrong to state, in *Coughlin*, 258 Or App at 889, that a trial court may consider all of the defendant's "circumstances and behavior" in the 10-year period leading up to that person's ORS 137.225 motion—even that portion of the 10-year period that preceded the conviction at issue.

The state borrows its explanation of *Langan* from our opinion in *Coughlin*, which issued before the ORS 137.225 hearing in this case. In *Coughlin*, the defendant moved to set aside a forgery conviction under ORS 137.225. Six years before filing the motion, the defendant had been found in contempt of court for violating a restraining order. The trial court concluded that, under ORS 137.225(6)(b), the defendant's contempt adjudication made her ineligible to have the forgery conviction set aside. On appeal, the defendant asserted that a contempt adjudication is not a criminal conviction, and she requested that this court remand the case to the trial court with instructions to enter an order setting aside the forgery conviction. We agreed with the defendant that a contempt adjudication is not a criminal conviction for purposes of ORS 137.225(6)(b), but we declined to direct the trial court to set the forgery conviction aside:

"Although defendant's contempt adjudication did not make her ineligible to have her conviction set aside, she is not necessarily entitled to that result. To the contrary, ORS 137.225(3) provides that, even when a person has not been convicted of a disqualifying offense, the trial court still must determine whether 'the circumstances and behavior of the applicant from the date of conviction * * * to the date of the hearing on the motion warrant setting aside the conviction.' The Supreme Court has explained that the quoted statutory text does not give trial courts broad discretion to deny requests to set aside convictions but, instead,

requires the trial court 'to examine whether the applicant has behaved in conformity with or contrary to public law.' *State v. Langan*, 301 Or 1, 9, 718 P2d 719 (1986)."

*Coughlin*, 258 Or App at 888-89 (ellipsis in *Coughlin*). To that point, our explanation of the law was correct. We went on, however, to mischaracterize both ORS 137.225(3) and *Langan*:

"A trial court has authority to deny an otherwise qualified person's request to set aside a conviction only if it determines (1) that the person violated public law *in the 10-year period preceding that person's ORS 137.225 motion* and (2) that the violation warrants denying the person's request. [*Langan*, 301 Or] at 10."

258 Or App at 889 (emphasis added). We remanded for the trial court to determine whether, "even though the contempt finding is not an automatically disqualifying conviction, [the] defendant nevertheless violated public law 'so as not to warrant setting aside [her] conviction.'" *Id.* at 889 (quoting *Langan*, 301 Or at 10) (second brackets in *Langan*).

Our statement that a court may deny a motion under ORS 137.225(3) if "the person violated public law in the 10-year period preceding that person's ORS 137.225 motion" was incorrect. In *Langan*, the Supreme Court addressed the kinds of "circumstances and behavior" that a court can consider in determining under ORS 137.225(3) whether setting aside a conviction is warranted. The court held that, among other things,

"commission of another offense (other than a motor vehicle violation) would prevent setting aside an earlier conviction, because subsection (6)(c) excludes an applicant who at the time of his motion to set aside a conviction 'is under charge of commission of any crime,' and subsection (6)(b) excludes an applicant who previously was convicted of another offense (excluding motor vehicle violations), within 10 years preceding the motion."

301 Or at 9. The reference to ORS 137.225(6)(b) in *Langan* was intended simply as support for the conclusion that other criminal offenses are among the "circumstances and behavior" that a court may consider. The court did not hold, contrary to what we said in *Coughlin*, that *all* convictions

within 10 years preceding the motion are fair game for consideration under ORS 137.225(3) even if the underlying conduct occurred before the conviction that the person seeks to set aside.

As defendant points out, the 10-year period applies only in determining under ORS 137.225(6)(b) whether a prior conviction renders a person ineligible to have a conviction set aside. In determining whether the person's circumstances and behavior warrant setting aside a prior conviction under ORS 137.225(3), the court may consider only "the circumstances and behavior of the applicant *from the date of conviction.*" (Emphasis added.) That is, the court must consider whether, since the date of the conviction at issue, the person "has behaved in conformity with or contrary to public law." *Langan,* 301 Or at 9.

The conduct for which defendant was convicted in Washington state occurred, at the latest, in June 2006, five months before the Oregon conviction that defendant seeks to set aside. It follows that that conduct is not part of the circumstances and behavior that the trial court could consider. The trial court erred in concluding otherwise. Accordingly, we remand for the court to reconsider defendant's motion under the correct standard.

Reversed and remanded.