Argued and submitted August 21, 2019, vacated and remanded July 15, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KEVIN DENNIS McVEIN,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR0510834; A167947

471 P3d 796

In 2005, defendant admitted to having committed two counts of contempt of court. Although contempt is not actually a "crime" and does not result in a "conviction," the trial court records nevertheless indicated that he had pleaded guilty to and been convicted of a crime. In 2018, defendant filed a motion to expunge his records under ORS 137.225. The court denied his motion, reasoning that, whatever the trial court record might say, ORS 137.225 only authorizes expungement of actual convictions. On appeal, defendant challenges the trial court's conclusion, arguing under *State v. Simrin*, 289 Or App 68, 408 P3d 244 (2017), that he was entitled to expunge his records regardless of whether contempt is a crime because they subject him to the same social stigma as any other criminal defendant. *Held*: Defendant was entitled to expunge his records. Under *Simrin*, eligibility for expungement turns on whether the content of a defendant's records subjects that defendant to stigma, not whether those records are accurate. Here, defendant's records clearly indicated that he had been convicted of a crime and subjected him to the same stigma as any other defendant convicted of a crime.

Vacated and remanded.

Thomas J. Rastetter, Judge.

Andy Simrin argued the cause and filed the brief for appellant. Also on the brief was Andy Simrin PC.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeHoog, Presiding Judge, and Mooney, Judge, and Kamins, Judge.*

_____

* Kamins, J., *vice* Hadlock, J. pro tempore.

KAMINS, J.

Vacated and remanded.

**KAMINS, J.**

Defendant appeals an order denying his motion under ORS 137.225(1)(a) to expunge records indicating that he was "convicted" of two counts of contempt. Under ORS 137.225(1)(a), a defendant who is convicted of a crime and fully serves the sentence imposed can apply to the trial court for an order setting aside the records of that conviction if the defendant meets several requirements. The trial court concluded that defendant's convictions were ineligible for the relief statute because contempt is not technically a "crime" and thus does not result in a "conviction." *See State v. Coughlin*, 258 Or App 882, 885-86, 311 P3d 988 (2013), *abrogated in part on other grounds by State v. J. N. L.*, 268 Or App 802, 344 P3d 59 (2015) ("Contempt is not a crime. Perhaps more to the point, we have repeatedly held that a finding of contempt—even of punitive contempt—is not a conviction." (Citations omitted.)).

Defendant does not dispute that a finding of contempt is not a conviction. However, he maintains that ORS 137.225(1)(a) permits a court to expunge his records anyway because, even if erroneous, they still indicate that he was convicted of a crime and subject him to the same stigma as any criminal defendant. We agree that, under the circumstances here, ORS 137.225(1)(a) allowed the trial court to expunge defendant's records. Accordingly, we vacate the trial court's order and remand for the court to determine whether defendant meets the statute's other requirements.

The facts underlying this appeal are undisputed. In 2005, the Clackamas County District Attorney's Office filed a "Complaint for Imposition of Punitive Sanctions of Contempt" charging defendant with five counts of contempt for violation of a Family Abuse Prevention Act (FAPA) restraining order filed in a domestic relations case. The District Attorney's filing prompted the opening of a misdemeanor case file in the Clackamas County Circuit Court that was assigned a criminal case number. Defendant pleaded guilty to two of the five contempt counts using a form captioned "petition to enter plea of guilty." That form indicated that defendant "wish[ed] to plead guilty to and admit [he] did commit the following crime(s): Counts 1+3

Violation of FAPA Restraining Order." The form also listed all of the rights defendant would be giving up by pleading guilty, including his right to a jury trial, right to be proven guilty beyond a reasonable doubt, right to counsel, and right to remain silent. The court entered a judgment indicating that defendant had been convicted of two misdemeanors on a plea of guilty and sentenced him to 18 months of probation on each count. It also imposed a unitary assessment of $67 on each count, the amount required after conviction for a misdemeanor under *former* ORS 137.290(1)(b) (2003), *repealed by* Or Laws 2011, ch 597, § 118.

Defendant served his probation without incident and, 13 years later, he filed this motion to expunge his records under ORS 137.225(1)(a). At a hearing on the motion, defendant argued that, even though contempt is not technically a "crime" and does not result in a "conviction," he was entitled to expungement anyway. He explained that in *State v. Simrin*, 289 Or App 68, 76, 408 P3d 244 (2017), we held that ORS 137.225 permits a court to expunge the records of an individual erroneously *charged* with "misdemeanor contempt" because those records subject that individual to the same social stigma as an actual criminal defendant. Here, he argued, the trial court register, plea petition, and judgment all clearly indicate that he was convicted of a crime and subject him to that exact stigma.

The trial court rejected his argument. The court distinguished *Simrin* because, there, the defendant was charged in a citation that indicated he had been accused of a misdemeanor. Here, the "Complaint for Imposition of Punitive Sanctions of Contempt" made no similar accusation.

On appeal, defendant challenges the trial court's conclusion. He argues that, even if the charging instrument does not indicate that he was accused of a crime, the other documents in the trial court record do. The state responds that we have repeatedly held that a finding of contempt does not qualify as a "conviction." *See, e.g.*, *Coughlin*, 258 Or App at 885-86. It suggests instead that defendant's remedy would have been to appeal the conviction or file a motion in the trial court to correct the judgment to accurately reflect the nature of the offense.

Whether documents reflecting that defendant was convicted in a contempt case qualify as a "conviction" for purposes of expunging those documents under ORS 137.225 is an issue of statutory interpretation. *See Simrin*, 289 Or App at 71. Accordingly, we look to the statute's text, context, and, if helpful, legislative history to determine the intent of the legislature. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009).

Under ORS 137.225(1)(a), "any defendant who has fully complied with and performed the sentence of the court and whose conviction is described in subsection (5) of this section" may apply by motion for an expungement. As the state points out, we have repeatedly held for other purposes that contempt is not a "crime" and does not result in a "conviction." *See, e.g.*, *State v. Larrance*, 256 Or App 850, 851, 302 P3d 481 (2013) (acknowledging that defendant's judgment was incorrect because contempt is not a crime and cannot be the subject of a conviction); *Johnston/State v. Jung*, 255 Or App 507, 508, 296 P3d 1287 (2013) (same); *State v. Caldwell*, 247 Or App 372, 375 n 1, 270 P3d 341 (2011) (same); *State v. Campbell*, 246 Or App 683, 684, 267 P3d 205 (2011) (same). We have even held that a finding of contempt does not qualify as a "conviction" for the purposes of a different paragraph of the same statute, *former* ORS 137.225(6)(b) (2013), *renumbered as* ORS 137.225(7)(b) (2015). *Coughlin*, 258 Or App at 888.

However, as we observed in *Simrin*, even though cases like *Coughlin* have held that contempt is not legally a "crime," the legislature did not intend eligibility for ORS 137.225 to depend on the legal definitions of "crime" and "conviction." 289 Or App at 75. The legislature intended ORS 137.225 to combat the stigma associated with the public nature of a record of arrest or conviction by providing individuals with such a record the opportunity to purge it and start fresh. *Id.* (citing *State v. Gwyther*, 57 Or App 34, 37, 643 P2d 1296 (1982)). Accordingly, eligibility turns on the content, not the accuracy, of the public record. *See id.* at 76. To the extent that public records indicate that a defendant was convicted of a crime and subject him to the same stigma as any other criminal defendant, the legislature intended

those records to fall within the purview of ORS 137.225. *See id.*

Here, as in *Simrin*, public record clearly indicates that defendant was convicted of a crime. Indeed, the public record is a criminal case file with a criminal case number. The public records within that criminal case file reflect that defendant admitted to having committed the "crime" of contempt. Those public records also include his acknowledgment that, by pleading guilty to contempt, he was giving up his rights as a defendant in a criminal case. Additional records contained within that public criminal case file include a judgment declaring that defendant had been "convicted" of two criminal misdemeanors and imposing a $67 unitary assessment on each count—the amount required by statute after conviction for a misdemeanor. Even if erroneous because contempt is not legally a crime, those records still subject defendant to the same stigma as any other defendant convicted of a crime. That allows him to apply for expungement under ORS 137.225(1)(a). Accordingly, we vacate the trial court's order denying defendant's motion and remand for a new hearing on whether defendant has met the other requirements for expungement contained in ORS 137.225(1)(a).

Vacated and remanded.