Argued July 20, reversed August 30, 1976

STATE OF OREGON, *Appellant,*
*v.*
RAYMOND GENE GREER, *Respondent.*
(No. C-72-06-1965 Cr., CA 6071)

553 P2d 1087

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and Rhidian M. M. Morgan, Assistant Attorney General, Salem.

*Susan Elizabeth Reese,* Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

FORT, J.

**FORT, J.**

The state appeals from a circuit court order, issued pursuant to ORS 137.225, setting aside and expunging defendant's 1972 conviction for "failure to perform the duties of a driver at the scene of an accident which resulted in the death of a person," ORS 483.602.

The expunction statute, ORS 137.225, provides that every defendant convicted of certain specified crimes may, if certain conditions are satisfied, move to have that conviction set aside. However, the statute explicitly and unambiguously makes a conviction for "a state or municipal traffic offense" not expungeable, ORS 137.225(2)(a).[1]

The question presented here is whether violation of ORS 483.602, the offense for which defendant was convicted, is "a state or municipal traffic offense."

ORS 483.602 provides that the driver of any vehicle involved in an accident which results in injury or death to any person immediately shall stop, give his name and other specified information, and render reasonable assistance to any injured person. This provision is found only in the traffic code. Under both the 1971 and 1975 versions of ORS 484.010(9),[2] violation of ORS 483.602 clearly falls within the definition of "state traffic offense." The parties base their arguments upon the 1971 statutes, and the 1971 version of ORS 484.010(9) defines a state traffic offense as "a violation of any provision of law for which a misdemeanor

[1] ORS 137.225(2)(a):

"(2) The provisions of subsection (1) of this section do not apply to:

"(a) A state or municipal traffic offense * * *."

[2] ORS 484.010(9) (1971):

" 'State traffic offense' means a violation of any provision of law for which a misdemeanor penalty is provided in ORS chapter 481, 482, 483, 485, 486 or 767."

ORS 484.010(9) (1975):

" 'State traffic offense' means a violation of any provision of law for which a criminal or traffic infraction penalty is provided in ORS 1.510 and ORS chapters 481, 482, 483, ORS 485.010 to 485.420, 485.990 and ORS chapter 486, 487 or 767."

penalty is provided in ORS chapter * * * 483 * * *." The 1971 statute provides such a penalty:

"Failure to comply with ORS 483.602 after an accident which results in injury or death to any person is punishable, upon conviction, by a fine of not less than $100 nor more than $5,000, or imprisonment in the county or municipal jail for not less than 30 days nor more than one year, or in the penitentiary for not less than one year nor more than five years, or by both such fine and imprisonment." ORS 483.991(12).

Authorization of a sentence of imprisonment renders such failure to comply a crime, which due to the nature of the imprisonment is punishable as either a felony or a misdemeanor, ORS 161.515, 161.525, 161.545. ORS 161.585(1) further dictates that, when a crime is punishable as a felony or a misdemeanor, it "shall be classed as a misdemeanor if the court imposes a punishment other than" imprisonment upon conviction of a felony and commitment of the defendant to the custody of the Corrections Division. Here the actual punishment imposed was one year of probation and one weekend imprisonment in the county jail, and so the crime must be classed as a misdemeanor.

The 1975 version of ORS 484.010(9) even more clearly defines state traffic offense to include a violation of ORS 483.602. It states that a state traffic offense is "a violation of any provision of law for which a criminal or traffic infraction penalty is provided in * * * ORS chapter(s) * * * 483 * * *." The penalty imposed by the 1975 statutes is set forth in ORS 483.990(4) and is clearly a criminal penalty:

"A driver involved in an accident which results in injury or death to any person and who fails to perform the duties required under ORS 483.602 commits a Class C felony."

Thus, under either version of ORS 484.010(9), we reach the same conclusion that a violation of ORS 483.602 is a state traffic offense. Defendant's conviction, therefore, has been expressly made not expungeable by ORS 137.225 and the circuit court's order to set aside defendant's conviction must be reversed.

Defendant raises compelling arguments in favor of inclusion of convictions for this offense within the scope of the expunction statute. However, in light of the clarity of the legislature's exclusion of such convictions, defendant's arguments are more properly addressed to the legislature.

Reversed.

**SCHWAB, C. J.,** concurring.

I agree with all of the majority opinion except the possible implication that had defendant received a felony sentence, his conviction could now be expunged. ORS 484.010(9) (1971) defined a state traffic offense as a violation "for which a misdemeanor penalty *is provided.*" (Emphasis supplied.) The last two words mean to me that our focus should only be on whether a misdemeanor penalty could have been imposed, not whether one was actually imposed.