Submitted August 20, 2021, reversed and remanded January 20, 2022

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JEREMY DAVID POHLE,
*Defendant-Appellant.*

### Deschutes County Circuit Court
### 05FE2005AB; A174028

505 P3d 475

Defendant appeals an order denying his motion to set aside convictions for one count of third-degree assault and three counts of recklessly endangering another person. The trial court concluded that each of those convictions was not eligible to be set aside because each was a conviction for a "traffic offense," as that term is used in ORS 137.225(7)(a). The trial court so concluded because each of those convictions resulted from the operation of a motor vehicle. On appeal, defendant assigns error to the trial court's denial of his motion to set aside his convictions. *Held*: The Court of Appeals concluded that neither third-degree assault nor recklessly endangering another person is a "traffic offense" as that term is used in ORS 137.225(7)(a), even when those offenses result from the operation of a motor vehicle. The trial court erred when it concluded otherwise.

Reversed and remanded.

Alicia N. Sykora, Judge.

Shawn A. Kollie and Kollie Law Group, P.C. filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and James, Judge, and Aoyagi, Judge.

TOOKEY, P. J.

Reversed and remanded.

**TOOKEY, P. J.**

Defendant appeals an order denying his motion to set aside a conviction for one count of third-degree assault, ORS 163.165, and three counts of recklessly endangering another person, ORS 163.195. The trial court concluded that each of those convictions was not eligible to be set aside under ORS 137.225(1), because they were each a "traffic offense" as that term is used in ORS 137.225(7)(a).[1] The trial court so concluded because defendant's convictions for those offenses "result[ed] from the operation of a motor vehicle," and, therefore, upon conviction for those offenses, defendant's driving privileges were suspended pursuant to ORS 809.411(2) and (9)(a). In reaching that conclusion, the trial court relied upon the definition of "traffic offense" found in ORS 801.555(2), a section of the Vehicle Code, and determined that defendant's convictions fell within that definition, because, in its view, a suspension of driving privileges was either a "criminal penalty" or "traffic violation penalty," as those terms are used in ORS 801.555(2).[2]

On appeal, defendant assigns error to the trial court's ruling on his motion to set aside his convictions. For the reasons that follow, we conclude that the trial court erred, and we reverse and remand.

## I. BACKGROUND

The relevant facts are undisputed. In 2006, defendant pleaded guilty to, among other offenses, one count of third-degree assault, a felony, and three counts of recklessly endangering another person, each a misdemeanor. Each offense "result[ed] from the operation of a motor vehicle" within the meaning of ORS 809.411(2) and (9)(a). Consequently, the sentencing court was required to, and did, suspend defendant's driving privileges—or, colloquially, his driver's license—for a period of five years on the conviction for third-degree assault and for 90 days on each

---

[1] ORS 137.225 has been amended since the trial court's decision in this case. Because that amendment does not affect our analysis, we refer to the current version of the statute in this opinion.

[2] ORS 801.010(1) provides that the Oregon Vehicle Code consists of ORS chapters 801 to 826. In this opinion, we refer to the Oregon Vehicle Code as the "Vehicle Code."

conviction for recklessly endangering another person. *See* ORS 809.411(2) (requiring Department of Transportation to suspend driving privileges "upon receipt of a record of conviction of any degree of recklessly endangering another person *** resulting from the operation of a motor vehicle"); ORS 809.428 (setting forth period for suspension of driving privileges for conviction for recklessly endangering another person); ORS 809.411(9) (requiring Department of Transportation to suspend driving privileges "upon receipt of a record of conviction of assault in the *** third *** degree resulting from the operation of a motor vehicle" and setting forth suspension period); ORS 809.240(1) (requiring that, when "a person is convicted of an offense that will result in mandatory suspension or revocation under" ORS 809.411, the trial judge shall order "the revocation or suspension at the time of conviction for the required period").

Over 13 years later, defendant moved to have his convictions for third-degree assault and recklessly endangering another person set aside pursuant to ORS 137.225(1). The state opposed the motion, arguing that those offenses were not eligible to be set aside under ORS 137.225(1), because they were for "traffic offenses," and "traffic offenses" are not eligible for set aside pursuant to ORS 137.225(7)(a). *See* ORS 137.225(7)(a) (providing ORS 137.225(1) does not apply to "[a] conviction for a state or municipal traffic offense").

The trial court agreed with the state. It reasoned that ORS 137.225(7)(a) provides that a set aside under ORS 137.225(1) is unavailable for a "conviction for a state or municipal traffic offense," that a "traffic offense" is defined in the Vehicle Code at ORS 801.555 as any "provision of law for which a criminal or traffic violation penalty is provided in the vehicle code," and that

> "defendant's legislatively mandated license suspensions, based on his convictions for reckless endangerment and third-degree assault, committed with a motor vehicle, are criminal or traffic violation penalties and therefore are 'traffic offenses.' They cannot be set aside under ORS 137.225(7)(a) and ORS 801.555."

The trial court then entered an order denying defendant's motion to set aside his convictions for third-degree assault

and recklessly endangering another person. Defendant appeals that order.

## II.   ANALYSIS

### A.   *The Statutory Scheme*

To provide context for our explanation of the parties' arguments and analysis, we begin by broadly outlining the contours of the statutory scheme governing motions to set aside convictions, as well as relevant provisions of the Vehicle Code, including those requiring suspension of driving privileges upon conviction for certain offenses.

"Under ORS 137.225(1)(a), a defendant who is convicted of a crime and fully serves the sentence imposed can apply to the trial court for an order setting aside the records of that conviction if the defendant meets several requirements." *State v. McVein*, 305 Or App 525, 527, 471 P3d 796 (2020). "The legislature intended ORS 137.225 to combat the stigma associated with the public nature of a record of arrest or conviction by providing individuals with such a record the opportunity to purge it and start fresh." *Id.* at 529.

ORS 137.225(1) does not, however, apply to a "conviction for a state or municipal traffic offense." ORS 137.225(7). "Traffic offenses" have been ineligible for set aside under ORS 137.225 since that statute was enacted in 1971, due to a concern that the high number of "moving violations" would create a "tremendous load" on the courts if they were eligible for set aside, and because *most* exempted "traffic offenses" under the set aside statute are violations that do not carry the same stigma as a criminal conviction. Testimony, Senate Committee on Criminal Law and Procedure, SB 362, Mar 19, 1971 (statement of Judge Richard Unis); *see also id.* (recognizing, however, that the "misdemeanors" of reckless driving and driving while under the influence of intoxicants—which are not eligible for set aside, because they are "traffic offenses"—carry stigma).[3]

---

[3] The offense of reckless driving is set forth in the Vehicle Code at ORS 811.140. The offense of driving while under the influence of intoxicants is set forth in the Vehicle Code at ORS 813.010.

ORS 137.225 does not define "traffic offense." "Traffic offense" is, however, defined in the Vehicle Code. Specifically, ORS 801.555 defines "traffic offense" as:

"(1)   Any violation of a traffic ordinance of a city, municipal or quasi-municipal corporation, except ordinances governing parking of vehicles.

"(2)   Any provision of law for which a criminal or traffic violation penalty is provided in the vehicle code."

Additionally, as noted above, the Vehicle Code requires the suspension of driving privileges when a defendant is convicted of certain offenses. As pertinent here, ORS 809.411(2) and (9)(a) require the Department of Transportation to suspend a defendant's driving privileges "upon receipt of a record of conviction" for recklessly endangering another person or third-degree assault when those offenses "result[] from the operation of a motor vehicle." Further, ORS 809.240(1) provides that, when "a person is convicted of an offense that will result in mandatory suspension or revocation under" ORS 809.411, the trial court must order "the revocation or suspension at the time of conviction for the required period."

B.   *The Parties' Arguments and the Question on Appeal*

On appeal, defendant contends that the trial court erred because suspension of driving privileges under ORS 809.411 does not turn an offense that is otherwise eligible for set aside under ORS 137.225(1) into a "state or municipal traffic offense" that is ineligible for set aside under ORS 137.225(7)(a). That is because, in defendant's view, a "license suspension is not a 'penalty,'" and, therefore, ORS 801.555(2), which, as noted, defines "traffic offense" to include "[a]ny provision of law for which a criminal or traffic violation penalty is provided in the vehicle code," is inapplicable. Defendant also argues that the definition of traffic offense provided in ORS 801.555(1) is inapplicable because convictions for third-degree assault and recklessly endangering another person are not violations of a "traffic ordinance of a city, municipal or quasi-municipal corporation."

The state agrees that defendant's convictions are not for "traffic offenses" under the definition provided in ORS 801.555(1). But, the state argues, third-degree assault

and recklessly endangering another person, when committed while operating a motor vehicle, is each a "traffic offense" exempt from set aside by operation of ORS 137.225(7)(a) given the definition of "traffic offense" in ORS 801.555(2). In the state's view, that is so because, upon conviction for those offenses, "the court must impose, as an additional penalty, a suspension of the defendant's driving privileges." That is, the state's contention is that suspension of driving privileges is a "penalty," and, therefore, any offense that requires suspension of driving privileges under ORS 809.411 is "traffic offense" under ORS 801.555(2), making convictions for such offenses exempt from set aside pursuant to ORS 137.225(7)(a).

The question squarely before this court is whether convictions for third-degree assault and recklessly endangering another person, when those convictions "result[ ] from the operation of a motor vehicle," thus leading to suspension of driving privileges pursuant to ORS 809.411, are "traffic offenses," and, therefore, ineligible for set aside under ORS 137.225(1) by operation of ORS 137.225(7)(a). As we will explain, answering that question requires us to apply the definition of "traffic offense" found in the Vehicle Code at ORS 801.555, and, specifically, answer the question of whether suspension of driving privileges under ORS 809.411 for third-degree assault and recklessly endangering another person is either a "criminal penalty" or a "traffic violation penalty" as those terms are used in ORS 801.555(2).

C. *Answering the Question on Appeal*

"The proper meaning and application of ORS 137.225 is a matter of statutory interpretation, and we review for legal error a trial court's determination of whether a movant is entitled to have his or her conviction set aside under ORS 137.225." *State v. Sylva*, 314 Or App 661, 662, 500 P3d 49 (2021) (internal quotation marks omitted). "To determine a statute's meaning, we apply Oregon's well-established framework for statutory interpretation and examine its text and context, as well as any relevant legislative history with which we have been supplied or that we have obtained on our own." *State v. Curiel*, 316 Or App 215, 222, 504 P3d 629 (2021). Additionally, in "construing a

statute, this court is responsible for identifying the correct interpretation, whether or not asserted by the parties." *See Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997).

As noted, "traffic offense" is not defined in ORS 137.225. When construing the term "traffic offense" in ORS 137.225, however, we previously applied the definition of "state traffic offense" in *former* ORS 484.010(9) (1975), *renumbered as* ORS 153.500 (1985), *repealed* by Or Laws 1999, ch 1051, § 32, a statute within a chapter of the Oregon Revised Statutes which, at the time, concerned "traffic offense procedures" and "traffic safety," and defined "state traffic offense" in a similar way to the definition of "traffic offense" presently codified in the Vehicle Code at ORS 801.555(2). *State v. Greer*, 26 Or App 605, 608, 553 P2d 1087 (1976) (construing the phrase "traffic offense" in ORS 137.225 by applying the definition set forth in *former* ORS 484.010(9) (1975), which provided that a traffic offense is "a violation of any provision of law for which a criminal or traffic infraction penalty is provided in *** ORS chapter(s) *** 483 ***"). We also observe that ORS 153.005(2), which sets forth various definitions related to violations and fines, defines "traffic offense" as having "the meaning given to that term in ORS 801.555." In light of *Greer* and ORS 153.005, in construing "traffic offense" in ORS 137.225, we apply the definition of "traffic offense" presently found in the Vehicle Code at ORS 801.555, as did the trial court in this case.[4]

As noted above, ORS 801.555 defines "traffic offense" as:

"(1)   Any violation of a traffic ordinance of a city, municipal or quasi-municipal corporation, except ordinances governing parking of vehicles.

---

[4] The similarity between the definition provided for in ORS 801.555(2) and *former* ORS 484.010(9) (1975) is not surprising. ORS 801.555 was enacted and added to the Vehicle Code in 1983 as part of a "comprehensive revision of the vehicle code." *State v. Kellar*, 349 Or 626, 630, 247 P3d 1232 (2011). As part of that comprehensive revision, legislature explained that, "'in revising the code, it is not the purpose or intent of the Oregon Legislative Assembly to change the law.'" *Id.* at 630 (quoting Or Laws 1983, ch 338, § 3; brackets omitted). "Rather, the legislature's stated purpose was to 'simplify the language, establish a single set of definitions for the code, eliminate confusing references,' and the like." *Id.* (quoting Or Laws 1983, ch 338, § 3; brackets omitted).

"(2)   Any provision of law for which a criminal or traffic violation penalty is provided in the vehicle code."

As an initial matter, neither third-degree assault under ORS 163.165 nor recklessly endangering another person under ORS 163.195 constitutes a "violation of a traffic ordinance of a city, municipal or quasi-municipal corporation." ORS 801.555(1). Thus, to the extent third-degree assault or recklessly endangering another person are "traffic offenses," they must be "traffic offenses" as defined under ORS 801.555(2)—*i.e.*, "Any provision of law for which a criminal or traffic violation penalty is provided in the vehicle code."

As described above, the Vehicle Code—specifically ORS 809.411(2) and (9)(a)—provides for the suspension of driving privileges upon conviction for the offenses that defendant committed and sought to have set aside, *viz.*, third-degree assault and recklessly endangering another person, when those offenses result from the operation of a motor vehicle. Consequently, we turn to whether suspension of driving privileges under ORS 809.411 for third-degree assault and recklessly endangering another person is either a "criminal penalty" or a "traffic violation penalty" as those terms are used in ORS 801.555(2).

1.   *Suspension of driving privileges under ORS 809.411 is a "penalty" within the meaning of ORS 801.555(2).*

Because the parties' arguments in this case focus on the meaning of the word "penalty" in ORS 801.555(2), we first consider whether the suspension of driving privileges under ORS 809.411 is a "penalty" within the meaning of ORS 801.555(2).

"Penalty" is not defined in the Vehicle Code. Therefore, "we look to the dictionary for further guidance." *Pride Disposal Co. v. Valet Waste, LLC*, 298 Or App 751, 759, 448 P3d 680, *rev den*, 366 Or 64 (2019). *Black's Law Dictionary* defines "penalty," in part, as "[a]n elastic term with many different shades of meaning; it involves an idea of punishment, corporeal or pecuniary, or civil or criminal, although its meaning is generally confined to pecuniary punishment." *Id.* at 1020 (5th ed 1979). *Webster's Third*

*New Int'l Dictionary* defines penalty in myriad ways, among them, "the suffering in person, rights, or property which is annexed by law or judicial decision to the commission of a crime or public offense" and "disadvantage, loss, or hardship due to some action (as transgression or error)." *Id.* at 1668-69 (unabridged ed 2002). Given those definitions alone, we might perhaps conclude that a license suspension pursuant to ORS 809.411 is a "penalty."[5]

When consideration is given to context a decisive clue is present which leads us to conclude that, indeed, the legislature conceived of suspension of driving privileges under ORS 809.411 as a "penalty." Specifically, the section of the Vehicle Code creating the offense of "reckless endangerment of highway workers" expressly refers to suspension of driving privileges under ORS 809.411 as a "penalty." *See* ORS 811.231 ("In *addition to any other penalty*, a person convicted of reckless endangerment of highway workers is subject to suspension of driving privileges as provided in ORS 809.411(6)." (Emphasis added.)). Similarly, other provisions of the Vehicle Code refer to suspension of driving privileges as a "penalty." *See, e.g.*, ORS 806.200(3) ("In addition to any other penalties under this section, violation of this section subjects the violator to suspension of driving privileges as provided under ORS 809.415."); ORS 806.230(2) (same). Thus, we agree with the state—and the trial court—that a license suspension under ORS 809.411 is a "penalty," as that term is used in ORS 801.555(2).[6]

---

[5] As noted, ORS 801.555 was enacted in 1983; it included the word "penalty" at that time. Or Laws 1983, ch 338, § 101. Consequently, in interpreting that term, we consider the definitions provided in *Black's Law Dictionary* (5th ed 1979) and *Webster's Third New Int'l Dictionary* (unabridged ed 2002). *See Comcast Corp. v. Dept. of Rev.*, 356 Or 282, 296 n 7, 337 P3d 768 (2014) ("In consulting dictionaries, however, it is important to uses sources contemporaneous with the enactment of the statute."); *State v. James*, 266 Or App 660, 667 n 3, 338 P3d 782 (2014) (noting "*Webster's Third New Int'l Dictionary* (unabridged ed 2002) can be considered to be a 'contemporaneous' source for statutes dating back to 1961 (if not earlier)" because "the content of *Webster's*—excluding the addenda section—has remained static since 1961").

[6] In arguing that suspension of driving privileges is not a "penalty" under ORS 801.555(2), defendant points to various cases where this court and the Supreme Court have held that suspension or revocation of driving privileges is not a "punishment" for purposes of various provisions of the state and federal constitutions. *See generally State v. Phillips*, 138 Or App 468, 909 P2d 882, *rev den*, 323 Or 114 (1996) (federal double jeopardy); *Mannelin v. DMV*, 176 Or App 9, 31 P3d 438 (2001), *aff'd sub nom McNutt v. DMV*, 336 Or 147, 82 P3d 162 (2003)

But that a license suspension under ORS 809.411 is a "penalty" does not end our analysis; under ORS 801.555(2), for the convictions at issue in this case to be "traffic offenses," the "penalty" provided in the Vehicle Code, namely, the suspension of driving privileges for those convictions, must be a "*criminal* penalty" or a "*traffic violation* penalty." *See* ORS 801.555(2) (defining traffic offense as "[a]ny provision of law for which a *criminal* or *traffic violation penalty* is provided in the vehicle code" (emphases added)).

For the reasons that follow, we conclude that suspension of driving privileges under ORS 809.411 for third-degree assault and recklessly endangering another person is neither a "criminal" nor "traffic violation" penalty, as those terms are used in ORS 801.555(2).

   2.   *Suspension of driving privileges pursuant to ORS 809.411 for third-degree assault and recklessly endangering another person is not a "criminal penalty" within the meaning of ORS 801.555(2).*

We first consider whether suspension of driving privileges under ORS 809.411 for third-degree assault and recklessly endangering another person is a "criminal penalty" within the meaning of ORS 801.555(2). Neither "criminal" nor "criminal penalty" is defined in the Vehicle Code, but third-degree assault and recklessly endangering another person are, undoubtedly, criminal offenses.

It does not follow from that, however, that suspension of driving privileges for committing those crimes is a "criminal penalty." To the contrary, "[w]e have held that suspension of driving privileges is civil and administrative, rather than criminal, in nature." *State v. Phillips*, 138 Or App 468, 471, 909 P2d 882, *rev den*, 323 Or 114 (1996); *see*

---

(state and federal *ex post facto*); *State v. Vazquez-Escobar*, 211 Or App 115, 153 P3d 168 (2007) (state and federal *ex post facto*). Defendant contends that there is "overlap" between the word "penalty" and the word "punishment."

   We reject defendant's argument. In our view, that a suspension or revocation of driving privileges is not a "punishment" for the purpose of various provisions of the state and federal constitutions does not indicate that the legislature did not consider a license suspension to be a "penalty" as that term is used in ORS 801.555. That is so principally due to the numerous statutes in the Vehicle Code, cited above, which refer to suspension of driving privileges as a "penalty."

*also Mannelin v. DMV*, 176 Or App 9, 19, 31 P3d 438 (2001), *aff'd sub nom McNutt v. DMV*, 336 Or 147 , 82 P3d 162 (2003) (noting that courts "traditionally have regarded the suspension and revocation of a driver's license as nonpunitive" and that such suspension or revocation has not historically been regarded as "punishment").

Consistent with that understanding of the nature of the "penalty" of suspension of driving privileges, we highlight that the legislature has referred in another statute to suspension of a license as a "civil penalty"—as opposed to a "criminal penalty"—even when that suspension is ordered by a court in a judgment of conviction. ORS 137.010(8) ("This section does not deprive the court of any authority conferred by law to enter a judgment for the forfeiture of property, suspend or cancel a license, remove a person from office or impose any other civil penalty. An order exercising that authority may be included as part of the judgment of conviction."). That indicates to us that the legislature views license suspensions as being a civil penalty—as opposed to a criminal penalty—even when included in a judgment of conviction. *Cf. State v. Curran*, 291 Or 119, 126, 628 P2d 1198 (1981) (inclusion of "forfeiture" in ORS 137.010(8) "indicates that the legislature viewed the remedy of forfeiture as being a civil penalty").

Furthermore, in 1983, when ORS 801.555 was enacted and made a part of the Vehicle Code, a license suspension was described as a civil penalty, rather than a criminal penalty, in statutes related to traffic infractions. *See former* ORS 153.505 (1983), *repealed by* Or Laws 1999, ch 1051, § 32 (defining "traffic infraction" as including an "offense" that "is punishable only by a fine, forfeiture, suspension or revocation of a license or privilege or other civil penalty"); Or Laws 1983, ch 338, § 101.

Consequently, we conclude that suspension of driving privileges pursuant to ORS 809.411 for third-degree assault and recklessly endangering another person—although third-degree assault and recklessly endangering another person are undoubtedly crimes—is not a "criminal penalty" within the meaning of ORS 801.555(2).

3.  *Suspension of driving privileges pursuant to ORS 809.411 for third-degree assault and recklessly endangering another person is not a "traffic violation penalty" within the meaning of ORS 801.555(2).*

We now turn to whether suspension of driving privileges under ORS 809.411 is a "traffic violation penalty" within the meaning of ORS 801.555(2).

The Vehicle Code defines "traffic violation" as "a traffic offense that is designated as a traffic violation in the statute defining the offense, or any other offense defined in the Oregon Vehicle Code that is punishable by a fine but that is not punishable by a term of imprisonment." ORS 801.557. Neither third-degree assault nor recklessly endangering another person is designated as a traffic violation in the statute defining the offense, nor are those offenses defined in the Vehicle Code. ORS 163.165 (defining third-degree assault and designating it as a felony); ORS 163.195 (defining recklessly endangering another person and designating it as a misdemeanor).

Consequently, neither third-degree assault nor recklessly endangering another person is a "traffic violation" under ORS 801.555(2). To us that indicates that suspension of driving privileges pursuant to ORS 809.411(2) and 9(a)—*i.e.*, penalties imposed for committing the criminal offenses of third-degree assault and recklessly endangering another person—are, therefore, not "traffic violation penalties" within the meaning of ORS 801.555(2); they are not penalties imposed for committing a "traffic violation." Nor are we aware of any other sense in which suspension of driving privileges pursuant to ORS 809.411(2) and (9)(a) for third-degree assault or recklessly endangering another person could be considered to be a "traffic violation penalty." Consequently, we conclude such a suspension is not a "traffic violation penalty" within the meaning of ORS 801.555(2).

4.  *The legislative history of the set aside statute, ORS 137.225, is consistent with our conclusion.*

As a final point, we note that we have reviewed the legislative history relevant to both the set aside statute, ORS 137.225, and the statute defining "traffic offense," ORS

801.555. Although we have found nothing in the legislative history of ORS 801.555 that aids in our analysis in this case, as noted above, the legislature intended ORS 137.225 to combat the stigma associated with an arrest or conviction, but exempted "traffic offenses" from set aside based on the notion that traffic violations do not carry the same stigma as criminal convictions and the concern that, due to the high number of "moving violations," allowing set aside of traffic offenses would burden the courts. We do not understand a conviction for third-degree assault or recklessly endangering another person to lack the sort of stigma that motivated the legislature to enact ORS 137.225. Likewise, we do not believe that such offenses are of the type that motivated the legislature's concern about imposing a "tremendous load" of additional work upon the courts. Thus, the legislative history of ORS 137.225 is consistent with our conclusion that third-degree assault and recklessly endangering another person are not "traffic offenses," and, therefore, exempt from set aside pursuant to ORS 137.225(7), even when such offenses result "from the operation of a motor vehicle."

### III.   CONCLUSION

In sum, we conclude that third-degree assault and recklessly endangering another person are not "traffic offenses" as that term is used in ORS 137.225(7)(a), and are not ineligible for set aside under ORS 137.225(1), even when such offenses result "from the operation of a motor vehicle." That is so because such offenses do not fall within the definition of "traffic offense" provided in ORS 801.555. The trial court erred in concluding otherwise. We reverse and remand.

Reversed and remanded.