Submitted April 29, affirmed June 2, petition for review denied October 20, 2022 (370 Or 404)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANDREW LOGAN FINLEY,
*Defendant-Appellant.*

Columbia County Circuit Court
19CR10361; A174508

512 P3d 879

Defendant appeals from a judgment of conviction for one count of driving under the influence of intoxicants and one count of reckless driving. Defendant raises an unpreserved challenge to the trial court's jurisdiction, claiming that he was never waived from juvenile court to adult court—he was a minor at the time he pleaded guilty, entered diversion, and when the trial court entered the judgment of conviction. The state responds that no waiver hearing was required because of a blanket waiver issued by the Presiding Judge of Columbia County for all juveniles in "all cases involving motor vehicles, boating or game laws." *Held*: ORS 419C.370 authorizes the court order from the county's presiding judge, which provided a blanket waiver for defendant's crimes that related to the use or operation of a motor vehicle. Accordingly, the trial court had jurisdiction.

Affirmed.

Ted E. Grove, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anna Belais, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kirsten M. Naito, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

JAMES, P. J.

Affirmed.

**JAMES, P. J.**

In June 2019, in Columbia County, defendant pleaded guilty to one count of driving under the influence of intoxicants, ORS 813.010(4), and one count of reckless driving, ORS 811.140, and entered diversion. Then, in July 2020, the trial court terminated diversion due to noncompliance and entered a judgment of conviction on both counts. Defendant appeals from that judgment of conviction raising an unpreserved jurisdictional challenge to the trial court's authority. Specifically, defendant notes that he was born on October 5, 2002, making him 16 years old at the time he pleaded guilty and entered diversion, and 17 years old at the time the trial court entered the judgment of conviction. At either age, defendant was a minor, and defendant argues he was never waived from juvenile court to adult court. Accordingly, he argues, the trial court lacked jurisdiction. The state first responds that, in light of defendant's plea, his challenge to jurisdiction is unreviewable on appeal. We need not address the reviewability issue, because we agree with the state that no waiver hearing was required: Since 2001, by order of its Presiding Judge, Columbia County has issued a blanket waiver for all juveniles in "all cases involving motor vehicles, boating or game laws."[1] *See State v. Edison*, 300 Or App 382, 384, 450 P3d 1040 (2019) (declining to decide a question of reviewability because, "[i]f the decisions are not reviewable, the correct result is to affirm[,]" and "[i]f the decisions are reviewable but defendant's arguments fail on the merits, the correct result is still to affirm"). Accordingly, we affirm.

ORS 419C.005 confers jurisdiction in any criminal case involving a person under the age of 18 to the juvenile court, unless the court waives the youth to a criminal or municipal court under ORS 419C.340. Ordinarily, the

---

[1] The state asks us to take judicial notice of the order issuing a blanket waiver into adult court for all juveniles in "all cases involving motor vehicles, boating or game laws." Defendant does not dispute that such an order is a proper subject for judicial notice. OEC 202 ("[l]aw judicially noticed is defined [in part] as *** [p]ublic and private official acts of the legislative, executive and judicial departments of this state"); *see also* OEC 201(b) (a "judicially notice[able] fact" is "not subject to reasonable dispute" if it is "[c]apable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"). Accordingly, we take judicial notice of the order.

waiver of a juvenile into adult court for the purposes of crim-
inal prosecution is an individualized determination made
based on a careful consideration of the subjective qualities
of the youth:

> "Thus, it is not difficult for us to conclude that the legis-
> lature did not intend to make waiver of juvenile court juris-
> diction turn on a youth's criminal capacity. What the legis-
> lature did intend is more difficult. Although it seems that
> the legislature intended to require that a juvenile court
> make a finding that a youth have adult-like intellectual
> and emotional capabilities indicative of blameworthiness,
> it did not set out with any specificity the standard that a
> court should use to decide what those capabilities entail
> and whether a youth has a 'sufficient' modicum of those
> capabilities. It is likely that the adult-like capabilities with
> which the legislature was concerned were the capabilities
> that a typical adult would have and that a court would con-
> sider in deciding whether a youth is sufficiently blamewor-
> thy that adult prosecution is warranted, such as capacities
> for premeditation and planning, impulse control, and inde-
> pendent judgment."

*State v. J. C. N.-V.*, 359 Or 559, 589-90, 380 P3d 248 (2016).

However, ORS 419C.340 references, among other
statutes, ORS 419C.370, which provides:

> "(1)   The juvenile court may enter an order directing
> that all cases involving:
>
> "(a)   Violation of a law or ordinance relating to the use
> or operation of a motor vehicle, boating laws or game laws
> be waived to criminal or municipal court[.]"[2]

The parties do not dispute that the crimes alleged
are each a "violation of a law or ordinance relating to the
use or operation of a motor vehicle." Nor is there any dispute
that the 2001 order waived all juveniles in Columbia County

---

[2] A violation of a "law or ordinance relating to the use or operation of a motor
vehicle" can, in theory, encompass serious felony criminal activity. *See State v.
Pohle*, 317 Or App 76, 77, 505 P3d 475 (2022) ("The relevant facts are undisputed.
In 2006, defendant pleaded guilty to, among other offenses, one count of third-
degree assault, a felony, and three counts of recklessly endangering another per-
son, each a misdemeanor. Each offense 'result[ed] from the operation of a motor
vehicle' within the meaning of ORS 809.411(2) and (9)(a).").

into adult court for such crimes. Accordingly, the trial court had jurisdiction.

Affirmed.